## SILVERWOOD v. CARPENTER.

No. 5143.  Opinion Filed October 12, 1915.

(152 Pac. 381.)

1.  **FRAUD—Representations—Measure of Damages.**  The measure of damages in the sale or exchange of personal property, in an action based upon the false and fraudulent representations of the vendor as to the value of such property, is the difference between the actual value of the property and the value as represented at the time of the sale or exchange.

2.  **APPEAL AND ERROR—Evidence—Credibility of Witnesses—Question for Jury.**  In the trial of a disputed question of fact in the district court, the jury are the sole judges of the weight and credibility of the various witnesses, and their decision of the question of fact will not be disturbed by this court unless it is shown that they are in error as to such decision of fact, and this error must be clearly pointed out.

(Syllabus by Robberts, C.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by S. J. Carpenter against A. J. Silverwood. Judgment for plaintiff, and defendant brings error. Affirmed.

*Welty & Orr*, for plaintiff in error.

*Blake & Boys,* for defendant in error.

Opinion by ROBBERTS, C. This is an action to recover damages for the false and fraudulent representation as to the value of ten shares of $100 each of the capital stock of the Planters' & Mechanics' Bank of Oklahoma City, which the defendant sold or traded to the plaintiff, under and by the alleged false and fraudulent representation that said stock was at the time worth and of the value of $110 per share.

The petition alleges, in substance, that on the 16th day of March, 1911, plaintiff was the owner of an automobile of the reasonable value of $1,100, and the defendant was the owner of ten shares of $100 each of the capital stock of the Planters' & Mechanics' Bank of Oklahoma City; that for the purpose of inducing plaintiff to trade his automobile for said bank stock, defendant represented said stock to be worth $110 a share, or a total value of $1,100, whereas, in truth and in fact, said stock was at the time worthless; that the plaintiff relied wholly upon the representations of defendant as to the value of said stock, and believed the same to be true, and that by reason of said false and fraudulent representations so made by said defendant to him concerning the value of said stock, the plaintiff was induced to trade for the same, and because thereof plaintiff has been damaged in the sum of $1,100; that immediately upon the discovery by plaintiff that said stock was worthless, he offered to return said bank stock to defendant, and demanded the return of said automobile, but defendant refused to return said automobile, but, on the contrary, sold the same. Plaintiff tendered the stock into the court for the use and benefit of the defendant, and prayed for judgment.

In his answer the defendant first interposed a general denial. He further answered by specifically denying: (a) That said automobile was worth $1,100; (b) that said stock was valueless; (c) that on the 16th day of March, 1911, or any date prior thereto, he represented said stock to be worth $110 a share; (d) that any representations whatever were made to plaintiff by defendant, or any other person in his behalf, as to the value of said stock; (e) that plaintiff relied upon the representations of defendant as to the value of said stock; (f) that defendant, or any other person for him, made any false representations to plaintiff as to the value of said stock; (g) that plaintiff was damaged by any false representations made by him or any person on his behalf. Defendant alleges that plaintiff had ample opportunity to investigate and ascertain the condition of said bank and the value of said stock. He further alleges that plaintiff was an experienced trader, and was not misled by defendant, or any other person in his behalf, and that said trade was made in the usual open, fair, and business-like way.

These specific denials, to our mind, were unnecessary, as they were included in the general denial. To the allegations of new matter set up in the answer the plaintiff replied by general denial.

The case was tried to a jury, verdict returned against defendant for $1,000, and judgment rendered thereon, motion for new trial overruled, and exceptions. Defendant brings error.

We gather from the brief for plaintiff in error that they make five assignments of error, as follows:

First. The court erred in overruling the motion of plaintiff in error for a new trial.

Second. Because the damages are excessive, appearing to have been given under the influence of passion and prejudice.

Third. The judgment of the court is not sustained by sufficient evidence and is contrary to law.

Fourth. Errors of law occurring at the trial and excepted to by the defendant at the time.

Fifth. Under the pleadings filed in this case the plaintiff is only entitled to recover, if at all, the value of the automobile.

The first assignment, that the court erred in overruling the motion for new trial, and the third, that the judgment is not sustained by sufficient evidence, simply go to the question as to whether there was evidence sufficient to support the verdict and judgment, and will be considered together. These contentions cannot be sustained in the face of the well-known rule that, where the evidence reasonably tends to sustain the verdict, and when the jury has been properly instructed as to the law, and the motion for new trial has been denied, and the verdict approved by the trial court, this court will not invade the province of the jury to weigh the evidence and disturb the verdict. Aside from that rule, we will say we have examined the evidence, and, while it is not strong as to the representations made by defendant as to the value of the stock, it must be admited by all that there is some evidence tending to prove these allegations, and the jury having said it was sufficient, and the trial court being satisfied with the findings in that behalf, this court will not say there was not sufficient evidence upon that point,

but will adopt the findings of the jury and the approval of the court thereof.

The second assignment, that the damages are excessive, and the fifth; that under the pleadings the plaintiff is only entitled to recover the value of the automobile, are likewise untenable, for the reason that the law is well settled that the measure of damages is the difference between the value of the bank stock as represented by the defendant and its actual value at the time of the trade. There was evidence tending to show that the defendant in person, and also by his agent, which is the same as if made in person by defendant, stated to plaintiff that the stock was worth $110 a share. There was also evidence clearly establishing the fact that said stock was at the time worthless; that the bank was insolvent; and that defendant, if he did not have actual knowledge of that fact, had good reason to believe it.

This court, in *Howe v. Martin*, 23 Okla. 561, 102 Pac. 128, 138 Am. St. Rep. 840, lays down the rule as to the measure of damages in such cases, in the following language:

"The measure of damages, in a case of fraud and deceit on an exchange [of property] should be, and therefore is, the difference in value between the property conveyed to him and the value of that which would have been conveyed had such property been as represented and the actual contract honestly fulfilled."

The case was tried, and the court instructed the jury upon the theory as to the measure of damages announced above, and no exceptions were taken by the defendant. The instruction of the court on that branch is as follows:

"If you find the plaintiff is entitled to recover in this action, you will assess his recovery at the difference in

value between the bank stock transferred to him and the value of said bank stock had said stock been as represented."

As stated before, no exceptions were taken to this instruction, and we must therefore conclude that defendant was satisfied with that application of the law.

This brings us to the fourth assignment, which is for "error of law occurring at the trial and excepted to at the time by defendant." As we look at the case, as presented by counsel for plaintiff in error in his brief, the only question necessary to be considered under this head is the contention that this action should have been prosecuted, if at all, for a breach of the contract referred to in plaintiff's petition, wherein it is alleged that:

"An agreement was made [between said parties], by which defendant agreed to return said automobile to plaintiff for said capital stock, and rescind the former contract, and plaintiff agreed to accept the same, but that defendant neglected and failed to return said automobile, but instead, disposed of the same"

—and that under the pleadings the damages, if any, should be based upon a breach of that contract, and not upon the original agreement. This contention cannot be sustained for the reason that a casual reading of the petition shows that it was an action for a breach of the original contract, founded upon the false and fraudulent representations of defendant as to the value of the bank stock. The allegations as to the agreement of defendant to return the automobile is surplusage, and made simply as an inducement to a better understanding of defendant's conduct, or, rather, persuasive of the fact that he was acting in bad faith in the entire transaction. Besides, there was no attempt to allege a valid contract in that

particular. The contract, as alleged, was plainly without consideration, and would be void on the ground that there was no allegation of a delivery of the automobile.

We find no prejudicial error in the case, and it should therefore be affirmed.

By the Court: It is so ordered.