## C. D. OSBORNE & CO. v. WHITE.

No. 6359. Opinion Filed January 18, 1916.

(154 Pac. 653.)

1. **APPEAL AND ERROR—Judgment—Evidence—Reversal.** It is the well-established rule of this court that where there is any evidence which will sustain the verdict of the jury and the judgment of the trial court, this court will not interfere; but the rule is otherwise where there is an entire absence of any evidence to sustain it.

2. **COMPOSITIONS WITH CREDITORS—Mutuality of Contract—Necessity.** In order to constitute a valid composition, there must be a mutuality of contract between the debtor and creditor; and a mere unilateral agreement, which purports to bind only the debtor, cannot be enforced by or against the creditor until it has been accepted by him.

(Syllabus by Hooker, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by C. D. Osborne & Co. against Fannie White. Judgment for defendant, and plaintiff brings error. Reversed, with directions to grant new trial.

*Nicholas & Lyle* and *R. H. Towne*, for plaintiff in error.

*G. A. Paul*, for defendant in error.

Opinion by HOOKER, C. This suit was instituted by the plaintiff in error, C. D. Osborne & Co., against the defendant in error, Mrs. Fannie White, to recover a judgment upon an account, the correctness of which is not in dispute. The only defense offered was that prior to the filing of the suit the defendant in error, being in a failing condition, made a composition with all of her creditors, including the plaintiff in error, whereby she had paid to them a part of the indebtedness due each, which had been accepted in full satisfaction of the claims against her. This was denied by the plaintiff in error, and upon a trial in the lower court a verdict was returned for the defendant in error.

The court properly told the jury that the duty rested upon the defendant in error to sustain her defense by a preponderance of the evidence, and a careful consideration of all the instructions of the court leads us to the conclusion that the jury were correctly advised; but if not, the plaintiff in error is not in a position to complain, as under the rule announced in *Eisminger v. Beman*, 32 Okla. 818, 124 Pac. 289, the exception saved by the plaintiff in error in the following language: "We desire to except to the instructions of the court as given to the jury"—is not a sufficient reservation of an exception to

any particular instruction contained in the charge. Within due time plaintiff in error filed a motion for a new trial, which, among other things, alleged that the verdict of the jury was contrary to the evidence, which motion was by the trial court overruled.

The well-established rule of this court is that, if there is any evidence to sustain the finding of the jury and the judgment of the trial court, this court will not disturb the same; yet the rule is otherwise if there is an entire absence of evidence. What evidence is shown here that plaintiff in error ever accepted the composition offered by Mrs. White, or agreed to accept, the same? The entire evidence of the defendant in error may be stated as follows: Mrs. White, being in a failing condition, and in order to save court costs and expense, and to pay her creditors as much as possible, caused her attorney to write to all of her creditors as to her financial condition, and offering them a settlement or composition (to which letter it is admitted that the plaintiff in error did not reply), and thereafter various attorneys, representing her creditors, met with her attorney, and after consultation it was agreed that this composition or settlement should be made, and that the same was acceptable to the creditors there represented. (It is admitted that plaintiff in error was not present or represented at this meeting and had no knowledge thereof.) Shortly thereafter defendant in error's attorney mailed plaintiff in error a check, which check at the time of the trial, some eight months thereafter, had not been cashed at the bank upon which it was drawn, and the receipt of the check was positively denied, as was any agreement or intention upon the part of plaintiff in error to accept the composition or settlement, and the only evidence supporting the

acceptance of the composition is the testimony of the attorney that he mailed the check, while it is denied that it was received by the plaintiff in error.

We do not think that this is any evidence of an agreement to accept the composition, or of an acceptance thereof, and especially so where it is admitted that the check has never been paid. In order to constitute a valid composition, there must be mutuality of contract between the debtor and creditor, and the mere unilateral agreement, which purports to bind only the debtor, cannot be enforced by or against the creditor until accepted by him. This record does not contain any evidence that the plaintiff in error agreed to or accepted said offer of composition, but the evidence is to the contrary.

Wherefore we recommend that this cause be reversed, with directions to grant to the plaintiff in error a new trial.

By the Court: It is so ordered.