## POOL et al. v. BURGER BROS.

No. 6281.    Opinion Filed March 7, 1916.

(155 Pac. 1144.)

APPEAL AND ERROR—Verdict—Weight of Evidence. The rule invariably applied in this jurisdiction, in an action at law, is that, where the evidence is conflicting, this court will not review such evidence to ascertain where the weight lies; and, if there is any evidence reasonably tending to support the verdict, the judgment will not be set aside upon appeal.

(Syllabus by Bleakmore, C.)

*Error from County Court, Kiowa County;*
*J. S. Carpenter, Judge.*

Action by Burger Brothers against John Pool and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

*E. W. McIntosh,* for plaintiffs in error.

*F. A. Lane,* for defendants in error.

Opinion by BLEAKMORE, C. This action was commenced in a justice court of Kiowa county by Burger Bros., as plaintiffs, against John Pool and C. A. Fisher, as defendants, to recover possession of a span of mules, of the alleged value of $170. There was judgment before the justice for the plaintiffs, and defendants appealed to the county court, where upon trial to a jury plaintiffs again prevailed. It is disclosed by the evidence that on March 27, 1913, Burger Bros. sold to one J. L. Hale the mules in question, for the sum of $170, the purchase price being evidenced by his promissory note and secured by a chattel mortgage of that date covering said property, the mortgage, however, not being filed for record until April 4th thereafter. On the day following said sale, March 28th, the defendants, Pool and Fisher, who were creditors of Hale, obtained possession of said mules from him, claiming to have purchased them without knowledge of the existence of said mortgage; the consideration being the indebtedness of Hale to them and $1.40 in cash. The evidence is sharply conflicting as to whether Pool and Fisher were informed of the existence of the mortgage of the property to the plaintiffs when they took the mules from Hale. The only evidence of the value of the property was that of the purchase price. The verdict and the judgment thereon was for the return of the property, and in the alternative, its value, $170.

There were no exceptions to the charge of the court, which correctly presented the issues involved and the law applicable. It is here contended that the evidence is insufficient to sustain the verdict.

The rule invariably applied in this jurisdiction, in an action at law, is that, where the evidence is conflicting, this court will not review such evidence to ascertain where

the weight lies; and, if there is any evidence reasonably tending to support the verdict, the judgment will not be set aside upon appeal. In the absence of other testimony as to the value of the mules, the purchase price thereof on the day before their taking by defendants might properly have been regarded as evidence of their value. A review of the entire record convinces us that substantial justice has been done.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.