## AMERICAN FIDELITY CO. OF MONTPELIER, VT., v. ECHOLS.

No. 4814. Opinion Filed March 7, 1916.

(155 Pac. 1160.)

1. INSURANCE—Accident Insurance Policy—Construction—Double Indemnity. In an action upon an accident insurance policy providing a double indemnity for any bodily injury caused solely by external, violent, or accidental means, while the policy is in force, and while the insured is in or on a public conveyance provided by a common carrier for the regular transportation of passengers, it is not necessary for a recovery of the double indemnity that the accident for which recovery is had should have been the result of the operation or construction of the conveyance provided by such common carrier, if all the other conditions involving the double indemnity be properly established.

2. APPEAL AND ERROR—Harmless Error—Exclusion of Evidence. A cause will not be reversed for the exclusion of evidence, unless it appears that such exclusion might have been prejudicial to the plaintiff in error.

3. APPEAL AND ERROR—Verdict—Evidence. The jury are the triers of the facts, and where their verdict is reasonably supported by the evidence this court will not weigh the testimony to determine whether or not it would have reached the same conclusion.

(Syllabus by Burford, C.)

*Error from District Court, Greer County;*
*G. A. Brown, Judge.*

Action by Samuel E. Echols against the American Fidelity Company of Montpelier, Vermont. Judgment for plaintiff, and defendant brings error. Affirmed.

*Jas. R. Ross* and *L. D. Threlkeld,* for plaintiff in error.

*A. R. Garrett* and *S. B. Garrett,* for defendant in error.

Opinion by BURFORD, C. This was an action by Samuel E. Echols against the American Fidelity Company, of Montpelier, Vt., to recover indemnity for the loss of a hand, under the terms of an accident policy issued by the plaintiff in error in his favor. A trial was had to the jury, and a verdict returned in favor of the defendant in error (plaintiff in the court below), which verdict·was approved by the court, and judgment rendered thereon.

It is alleged as error: First. That the plaintiff was allowed to recover a double indemnity, which was not justified under the terms of the policy. Second. That competent questions on behalf of the plaintiff in error were excluded by the court. Third. That the demurrer of the plaintiff in error to the evidence should have been sustained.

1. The evidence on the part of the plaintiff in the court below tended to show that he was injured by the accidental discharge of a shotgun while he was a passenger upon a regular passenger train operated by the Wichita Falls & Northwestern Railway Company. The policy provided in part as follows:

"American Fidelity Company of Montpelier, Vermont, * * * hereby agrees to indemnify the insured

against bodily injury caused solely by external, violent or accidental means while this policy is in force, suicide, sane or insane not included, in the sum specified in section 1 of Schedule 6; or if such bodily injury is sustained while the insured is in or on a passenger elevator or public conveyance provided by a common carrier for the regular transportation of passengers, or is in consequence of the burning of a building or its destruction by a tornado or cyclone while the insured is therein, in the sum specified in section 2 of Schedule A."

After providing for an indemnity for total or partial disability, the policy then proceeds:

"If the injury causing such total or partial disability is sustained while insured is in or on a passenger elevator or public conveyance provided by a comman carrier for the regular transportation of passengers, or is in the consequence of the burning of a building, or its destruction by a tornado or cyclone, while the insured is therein, the company will pay for the period of such disability double the weekly indemnity above provided."

It is insisted by plaintiff in error that:

"It was never contemplated by the insurance company that executed and delivered this policy that the beneficiary would be entitled to receive double indemnity if he accidentally maimed himself while on a train.   *   *   * He did not lose his hand in consequence of being on a train.   He did not sustain the loss of his hand in consequence of any extra hazard incident to traveling in this way."

The intention of the parties in a case of this sort must be gathered from the terms of the written contract into which they have entered.   There is no limitation therein to the effect that the accident for which the double indemnity is paid shall be the result of the operation or construction of any of the conveyances mentioned therein.

The policy, by its terms, affords the double indemnity for "bodily injury caused solely by external, violent or accidental means," "while the insured is in or on a passenger elevator or public conveyance provided by a common carrier for the regular transportation of passengers." There can be no question that the loss of the hand was sustained while Echols was a passenger in a public conveyance provided by a common carrier for the regular transportation of passengers. The language of the policy leaves no room for construction. Even if it were doubtful, the settled rules of law would require us to give it the construction most favorable to the insured. In *Travelers' Ins. Co. v. McConkey*, 127 U. S. 666, 8 Sup. Ct. 1360, 32 L. Ed. 308, Mr. Justice Harlan, speaking for the court, said:

"Such being the contract, the court must give effect to its provisions according to the fair meaning of the words used, leaning, however—where the words do not clearly indicate the intention of the parties—to that interpretation which is most favorable to the insured."

In *Standard Accident Ins. Co. v. Hite*, 37 Okla. 305, 132 Pac. 333, 46 L. R. A. (N. S.) 986, this court said:

"But even were we to consider that the meaning of the provision in the light of the facts before us was in doubt (which we do not), it would be our duty to give to the policy that construction which would give it effect rather than destroy it; the rule being that where the meaning of a policy of insurance is ambiguous, or if so drawn as to be fairly susceptible of different constructions, it will be construed strictly against the insurer, and that construction adopted which is most favorable to the insured."

Again, in *Capital Fire Ins. Co. v. Carroll et al.*, 26 Okla. 286, 109 Pac. 535, this court, after announcing the same rule, says:

"This is a just rule, because policies generally, as in this case, are drawn by the insurer, and it is its language that the court is invited to interpret."

Numerous other cases to the same effect are to be found in the decisions of this court. It was not error, therefore, for the court, under the circumstances of this case, to render judgment for the double indemnity provided in the policy.

2. Error is assigned upon the refusal of the court to allow plaintiff in error to ask certain questions upon cross-examination of the plaintiff, Echols. The three questions set out in the brief related to whether or not certain suits had been brought involving the property of the wife of the plaintiff, Echols, and which, it is insisted, tended to show his financial condition. As to each of these questions, if such a suit had been brought, the record evidence thereof was the best. Aside from this, however, the trial court allowed counsel for plaintiff in error to examine the plaintiff, Echols, at length upon his financial condition. Each of the three questions about which complaint is made relate to the purported suit brought against the plaintiff's wife to set aside deeds to property. In this connection the court allowed the following question and answer:

"Q. Is it not a fact that for months prior to February 5, 1911, you anticipated the loss of the only property owned by yourself or wife? A. No, sir; it is not a fact."

In our judgment this question and answer fairly cover the material and admissible evidence which might have been properly adduced by the excluded question. Even if the questions were competent, still this court is not able to say that their exclusion worked any harm to the plaintiff in error. It has been held by this court that before it

will consider assignments of error relating to the exclusion of evidence, there must be such showing in the record as to what the excluded evidence would have been that the court can say that there was reversible error in the ruling. See *Gault v. Thurmond,* 39 Okla. 673, 136 Pac. 742; *Turner et al. v. Moore,* 34 Okla. 1, 127 Pac. 487, and cases cited. Although this rule might not be so strictly enforced with relation to questions upon cross-examination if it could be seen from the question itself that competent and admissible evidence might have been elicited thereby, yet a cause will not be reversed for the rejection of questions upon cross-examination, unless it can be determined, either from the form of the questions itself or from an offer of proof, that competent and admissible evidence might thereby have been excluded.

In the case under consideration, the plaintiff answered the third question of which complaint is made—which question embraced all the elements of the other two—by a denial, before an objection was made, and the objection was sustained after the answer had gone into the record. Although excluded, this answer makes it apparent that the testimony which might have been elicited by the question if permitted would have been of no benefit to the plaintiff in error. We conclude, therefore, that no reversible error was committed by such a ruling.

3. The evidence of the plaintiff in the court below, if believed, established all the material allegations of his petition. Under such circumstances it was obviously not error for the trial court to overrule a demurrer to the evidence. The question of the reasonableness or the probability of the plaintiff's testimony was one solely for the jury. This court will not set aside the verdict of the jury upon the weight of the evidence, although the appellate

court upon the record might not reach the same conclusion as that found by the jury. The rule is established beyond question in this jurisdiction that the appellate court will not set aside the verdict of a jury where there is any competent evidence reasonably tending to support it, nor weigh the evidence to determine whether or not the appellate court would have reached the same conclusion. The jury heard the witnesses, saw the scene of the alleged accident, and although the plaintiff's testimony appears improbable upon the record, yet the jury found it was true, its verdict was approved by an able and conscientious trial judge, and it will not be disturbed upon appeal.

The judgment should be affirmed.

By the Court: It is so ordered.