INCORPORATED TOWN OF WETUMKA v. BURKE et al.

No. 11043—Opinion Filed Jan. 30, 1923.

(Syllabus.)

1. Appeal and Error—Review—Sufficiency of Evidence.

Where the evidence, with the inferences which the jury might reasonably and logically draw therefrom, reasonably tends to support the verdict, this court will not reverse the judgment because of insufficient evidence.

2. Negligence — Contributory Negligence—Jury Question.

By the provisions of section 6, art. 23 of the Constitution of Oklahoma, the defense of contributory negligence is in all cases whatsoever a question of fact, and shall at all times be left to the jury.

3. Same—Wrongful Death—Instructions.

The court should not so instruct the jury as to direct particular attention to certain evidence introduced on behalf of either party, or instruct the jury that certain evidence or circumstances should be taken into consideration, in determining whether or not the plaintiffs' decedent was guilty of contributory negligence. The court should simply define the meaning of the term "contributory negligence" and leave it to the jury to say whether the negligence of plaintiffs' decedent had or had not contributed to the injury complained of.

4. Electricity--Negligent Death—Verdict — Evidence.

Record examined, and held, that the verdict is reasonably supported by the evidence.

Error from District Court, Hughes County; E. F. Lester, Judge.

Action by D. Y. Burke and another against the Incorporated Town of Wetumka for damages for negligent death. Judgment for plaintiffs, and defendant appeals. Affirmed.

W. C. Farmer, Anglin & Stevenson, and G. Arthur Holloway, for plaintiff in error.

J. L. Skinner and W. B. Toney, for defendants in error.

NICHOLSON, J. This was an action by D. Y. Burke and C. F. Burke, as plaintiffs against the Incorporated Town of Wetumka, to recover damages in the sum of $20,000 for the wrongful death of Drayton D. Burke, a son of plaintiffs, who was electrocuted while working in a drug store owned by him. It was alleged that the defendant owned and operated an electric light system for the purpose of supplying electricity to the inhabitants thereof; that a large wire running from the electric light plant along and near the drug store in which Drayton D. Burke was killed, was carrying 2,300 volts of electricity; that said wire was negligently, carelessly, and in an improper manner swung to posts and cross-beams in such a manner as to permit it to swing and swag and be blown by the wind so that it came in contact with other wires which were designed to carry 110 volts of electricity into the stores, including the store in which Burke was killed; that because of the negligent, careless, and improper manner said wire was swung, it came into contret with the wire leading into the drug store owned and operated by Burke, thereby conducting 2,300 volts of electricity into said store; that a part of the soda fountain apparatus was operated with electricity; that the ap-

paratus became so charged with electricity that when Drayton D. Brooks touched it, he was instantly electrocuted and killed.

It is further alleged that the superintendant of the defendant in charge of said light plant had been notified and knew of the condition of said large wire, but negligently permitted said wire to remain in such a condition that it was blown against the wire leading into said drug store and that the death of Drayton D. Burke was the proximate result of the negligence of the defendant, its agents, servants, and employes.

For answer, the defendant pleaded a general denial, and contributory negligence. A trial resulted in a verdict for the plaintiffs for the sum of $5,000, upon which judgment was duly entered, and to review which the defendant has appealed.

Counsel for plaintiff in error have not seen fit to set out in their brief the specifications or error relied upon as required by rule 26 of this court, but argue that if plaintiff in error was guilty of negligence in allowing 2,300 volts of electricity to enter the store of Drayton D. Burke, he was guilty of contributory negligence, and that the verdict of the jury was contrary to the evidence.

An examination of the record satisfies us that this contention is without merit. It was admitted that the town of Wetumka was operating the electric light plant at the time Drayton D. Burke was killed, and his death was caused by electrocution, according to the undisputed testimony of a physician. The evidence shows that one Neal, an employe in said drug store, had, some time prior to Burke's death, received a severe shock in practically the same manner as that received by Burke. Three employes in the drug store testified that immediately after Neal's accident, complaint was made to the superintendent of the light plant, who spent considerable time in making an investigation. After making such investigation, he informed the employes in the store, including Drayton D. Burke, that the electric fixtures were then safe. These same witnesses testified that no other shock was experienced until the night Burke met death. These witnesses also testified that at the time of the two shocks, the wind was blowing and the weather was damp. The superintendent testified that at the time of the accident it was the talk of the town that the drug store and other stores in that block were receiving 2,300 volts of electricity under certain conditions. Two electricians testified as experts, to the effect that the wiring on the inside of the store was in proper condition and could not have produced the result that was produced, and that when the wind was blowing and the weather was damp, the wire carrying 2,300 volts would sag or swing and come into contact with a smaller wire carrying 110 volts of electricity in the store. This evidence, with the inferences which the jury might reasonably and logically draw therefrom, reasonably tends to sustain the verdict, and this being true, this court will not reverse the judgment because of insufficient evidence. Osborne v. White 54 Okla. 733, 154 Pac. 653; Midland Valley Ry. Co. v. Rippe, 61 Okla. 314, 161 Pac. 233; Town of Watonga v. Morrison, 78 Okla. 74, 189 Pac. 737.

The evidence being sufficient to establish primary negligence of the defendant, the question of contributory negligence was a question for the jury. Section 6, art. 23, Constitution of Oklahoma; St. Louis & S. F. Ry. Co. v. Hart, 45 Okla. 659, 146 Pac. 436; Revel et al. v. Pruitt, 42 Okla. 696, 152 Pac. 1019; St. Louis & S. F. Ry. Co. v. Long, 41 Okla. 177, 137 Pac. 1156; St. Louis & S. F. Ry. Co. v. Williams, 31 Okla. 450, 122 Pac. 152; Sweet v. Henderson, 72 Oklahoma, 178 Pac. 666.

It is next urged that the court erred in refusing to give to the jury the defendant's requested instruction No. 4. In our opinion, the court did not err in this regard. By this instruction, the jury was told that in determining whether or not the plaintiffs' decedent was guilty of contributory negligence, it should take into consideration certain facts and circumstances, enumerating them, which were testified to by defendant's witnesses. The effect of this instruction would have been to direct the attention of the jury particularly to certain evidence on behalf of the defendant. This the court should not do, as such action on the part of the court might tend to influence the jury in the defendant's favor by leading the jury to believe that more weight should be given to this evidence of the defendant than it was entitled to. The court should simply define contributory negligence, and leave it to the jury to say whether negligence of the plaintiffs' decedent had or had not contributed to the injury complained of. Wichita Falls & N. W. Ry. Co. v. Woodman, 64 Okla. 326, 168 Pac. 209. This the court did, and the instructions given, of which no complaint is made, clearly and fairly stated the law of the case.

No reversible error being pointed out, the judgment of the trial court is affirmed.

All the Justices concur, except PITCH-FORD, C. J., and KANE, J., not participating.