## HAMPTON v. BEEMAN.

No. 15095—Opinion Filed Jan. 7, 1925.

**Appeal and Error—Sufficiency of Evidence— Conclusiveness of Verdict.**

The rule invariably applied in this jurisdiction in an action at law is that, where the evidence is conflicting, this court will not review such evidence to ascertain where the weight lies; and, if there is any evidence reasonably tending to support the verdict, the judgment will not be set aside upon appeal. (Pool et al. v. Burger, 56 Okla. 268. 155 Pac. 1144.)

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from Court of Common Pleas, Tulsa County; Font L. Allen, Judge.

Action by A. A. Beeman against J. W. Hampton. From judgment in favor of plaintiff, defendant brings error. Affirmed.

G. C. Spillers, for plaintiff in error.

A. H. Secrest, for defendant in error.

Opinion by PINKHAM, C. The defendant in error instituted this action, as plaintiff, against the plaintiff in error, as defendant, to recover a certain amount alleged to be due for work, labor, and services rendered by the plaintiff for defendant.

The parties will be referred to as they appeared in the trial court.

The plaintiff alleged in his petition, that the defendant was indebted to him in the sum of $303.68 for work and labor performed by plaintiff at the instance and request of the defendant as follows: 16 days as tool dresser in the oil field during April and May, 1922, at $7 per day, with credits thereon of $90, leaving a balance due of $22; 46 days, between July 6, 1922, and July 31, 1922, as driller at $8 per day, and expense of $34.68, making a total of $402.68, with credits thereon of $121, leaving a balance due plaintiff of $281.68. Plaintiff prayed judgment against the defendant for $303.68.

Defendant filed an answer denying generally the allegations of plaintiff's petition, and further pleaded that the work and labor performed by the plaintiff for the defendant was in performance of an oral contract to do a certain fishing job, and was under said contract, to receive no compensation unless successful in recovering the tools out of an oil well in the control of the defendant.

Upon these issues the case was tried to a jury, and resulted in a judgment in favor of plaintiff for the amount sued for.

Motion for a new trial was overruled, and defendant appeals.

For reversal of the judgment, defendant assigns as error that the verdict of the jury is not supported by the evidence, and the demurrer thereto should have been sustained.

There is little or no dispute in the evidence as to the fact that the plaintiff worked on the well in question for a period of 46 days, but there is a sharp conflict in the evidence as to the arrangement or agreement made by the parties with respect to whether the plaintiff was to receive $8 per day for his work in cleaning out the well in question, or whether he was to receive no compensation until the work in removing the tools from the well had been successfully accomplished.

The evidence on the part of the plaintiff was to the effect that he worked on the well the number of days as alleged in his petition upon an agreed price of $8 per day; that the defendant was present the greater part of the time during the progress of the work, superintending the same; and that at the instance of the defendant work was ceased on the well on the 31st day of July, 1922; that on the 25th day of September, 1922, the defendant gave the plaintiff a check for $50 on account of labor performed; that no further sums of money had been paid him for his said labor.

There is evidence in the record corroborative of plaintiff's testimony. The defendant testified that his agreement with the plaintiff was as alleged in his answer; that is to say, that no compensation was to be paid the plaintiff until the fishing job on the well was successfully completed.

The defendant admitted paying the plaintiff $50 on the 25th day of September, and also testified to the payment of other sums of money on account of work performed by the plaintiff prior to the agreement with respect to the fishing job on the well; that he relied upon the good faith of the plaintiff to execute his contract according to his agreement, and that at the request of plaintiff paid the plaintiff the sum of $115; that he was entitled to a return of this sum of money, inasmuch as the plaintiff had failed to comply with his agreement.

Under this state of the evidence the court properly instructed the jury, by presenting the issues involved and the law applicable thereto, that the burden of proof was upon the plaintiff to establish by a fair preponderance of proof all the material allegations in his petition contained, and that unless he

did establish by fair preponderance the allegations of his petition, their verdict should be for the defendant; that if the jury found that the plaintiff and defendant did have a contract whereby the plaintiff agreed to clean out the well for a specified sum and was not to receive any money from the defendant until the well was cleaned out according to that contract, then their verdict must be for the defendant.

The testimony of defendant to the effect that he was present at the well working with the plaintiff during much of the time the plaintiff was cleaning out the same, and that defendant was directing the work and knew of the unsuccessful attempt to remove the tools therefrom, coupled with the admission that defendant had paid plaintiff $50 on account of his labor. lends support to the claim of plaintiff that he was employed by the defendant as alleged in his petition.

The verdict of the jury involved a finding that the sum sued for by the plaintiff was due and owing.

The rule invariably applied in this jurisdiction in an action at law is that where the evidence is conflicting, this court will not review such evidence to ascertain where the weight lies; and that if there is any evidence reasonably tending to support the verdict the judgment will not be set aside on appeal. Pool et al. v. Burger, 56 Okla. 268, 155 Pac. 1144.

We conclude that the judgment of the court is fully sustained by the evidence, and that the same should therefore be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 857.