I. P. WEYERHAEUSER *et al.* v. ARCHIE FRAIM *et al.*

MECHANIC'S LIEN—*Filing Statement of Subcontractor.* A subcontractor, who furnished materials under contract with an original contractor, who contracted with the owner of city lots for the partial completion of a building thereon, had 60 days after the completion of the building in which to file his statement for a lien under chapter 141 of the Laws of 1872.

*Error from Reno District Court.*

I. P. WEYERHAEUSER and others, under the firm name of F. McCullam & Co., brought suit in the district court of Reno county against Archie Fraim, George A. Woodard, *et al.*, alleging in their petition that the defendant Archie Fraim entered into contract with defendant George A. Woodard to furnish certain materials and perform certain labor in the erection of a three-story building on certain lots in Hutchinson belonging to said Woodard, and that the plaintiffs,

under a subcontract with said Fraim, furnished lumber and other materials for said building, and claiming a lien for the balance due. The Halstead Lumber Company, which was made a party defendant, answered also, claiming a lien on the same property for building material furnished by it for the same building under a subcontract with said Fraim. The case was tried by the court, and the following special findings of fact were made:

"1. That on the —— day of August, 1887, the defendant George A. Woodard, who was then, and still is, the owner of lots Nos. 1, 3 and 5 on First Avenue east, in the city of Hutchinson, in the county of Reno, in the state of Kansas, entered into a written contract with the defendant Archie Fraim, whereby it was agreed that said Fraim should do all the carpenter work, and furnish all the lumber and materials for the same, for the erection of a three-story brick building on the above-described premises, and said Woodard was to pay said Fraim for said work and materials the sum of $8,211.30.

"2. That on the 10th day of September, 1887, the plaintiffs made a verbal contract to furnish the lumber and materials required by said Fraim to comply with his said contract with said Woodard, as aforesaid, and under said contract did furnish the materials set forth in plaintiffs' petition, and said materials were incorporated into said building on said premises, and that there remains due and unpaid to plaintiffs a balance for said materials the sum of $2,174.89 debt, and interest, $271.86, in the total sum of $2,446.75, from the said Archie Fraim to plaintiffs herein.

"3. That the said Archie Fraim completed his said contract on the 20th day of April, 1888.

"4. That the last work was done on said building on the 25th day of June, 1888, which was a job of painting, and that said building was not entirely completed until said 25th day of June, 1888.

"5. That on the 23d day of August, 1888, the plaintiffs filed their lien statement, duly verified, in the office of the clerk of the district court of said county of Reno, and on said day delivered a copy thereof to the defendant George A. Woodard.

"6. That on the 8th day of February, 1888, the defendant Halstead Lumber Company, a corporation, entered into a con-

tract with said Archie Fraim, whereby it was contracted and agreed that said Halstead Lumber Company should furnish certain material to be used in the construction of said building; that said materials set forth in said defendants' cross-petition were used and incorporated into said building, and that there is due and owing from the said Archie Fraim to said Halstead Lumber Company for said materials the sum of $169 debt, and $20.25 interest, making the total sum of $189.25.

"7. That on the 5th day of July, 1888, the defendant Halstead Lumber Company filed its lien statement, in due form, duly verified, in the office of the district court of said county of Reno, and on said day delivered a copy thereof to the defendant George A. Woodard."

As conclusions of law the court found, that the plaintiffs were entitled to a judgment against Fraim for $2,446.75 and costs, and that the Halstead Lumber Company should recover judgment against Fraim for $189.25 and costs, but denied them a lien on the property.   Plaintiffs bring the case to this court.

*William Carey*, for plaintiffs in error.

*F. L. Martin,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: The sole question presented by the record in this case is whether the plaintiffs in error, who were subcontractors under Archie Fraim, who had a contract to perform the carpenter work and furnish lumber and materials for the erection of a three-story brick building on lots belonging to the defendant Woodard, having furnished lumber and materials under such subcontract, were required, in order to preserve a lien on the premises, to file the statement required by law within 60 days after the completion of Fraim's contract, or had 60 days after the completion of the building in which to file it.

No brief has been filed on behalf of the defendants in error, but it is said in the brief of plaintiffs in error that the trial court understood the opinion in *Crawford v. Blackman,*

30 Kas. 527, as holding that the statement must be filed within 60 days after the completion of Fraim's contract. That case merely holds that, where there was an independent contract for the stonework of a building, the subcontractor, for the purpose of filing his statement, might regard the building as completed when the portion of the work contracted for was finished. The question was not presented as to whether he must do so. This case is controlled by the mechanics'-lien law of 1872. In the case of *Cunningham v. Barr*, 45 Kas. 158, it was held:

"Where, under the mechanics'-lien law of 1872, a statement for a subcontractor's lien for materials furnished was filed with the clerk of the district court within 60 days after the contractor had completed the building, but not within 60 days after the subcontractor had fulfilled his contract with the contractor, *held,* that the statement was filed in time."

In the opinion in that case, it was said, after citing the provision of the statute: "Now, the statement in the present case was certainly filed within 60 days after the completion of the building, and this, we think, was sufficient." The statute, by its terms, plainly gives 60 days after the completion of the building in which to file the statement. No reason is apparent for attempting by construction to vary the literal terms of the law. The case will be remanded, with direction to enter judgment sustaining the liens of the plaintiffs in error on the premises described in the findings for the amount of their respective judgments, and for a foreclosure and sale of said property in satisfaction of the same.

All the Justices concurring.