[No. 5235.]
[No. 2857 C. A.]

LICHTY v. THE HOUSTON LUMBER COMPANY, COMPOSED
OF GEORGE M. HOUSTON.

1.  Mechanics' Lien Law — Statutory Construction — Words and
    Phrases.

    In the absence of any statutory qualifications or definition
of the term "completion," as used in the Mechanics' Lien Law,
Sess. Laws 1899, c. 118, it should be construed to mean actual
completion, dating from the time the last work was done.—P. 55.

2.  Mechanics' Liens—Time for Filing—Completion of Work—
    Statutory Construction.

    The Mechanics' Lien Law, Sess. Laws 1899, c. 118, gives a
lien claimant two months after the "completion" of the building
within which to file his lien; and § 9 provides that any trivial
imperfection in the work shall not be deemed such a lack of
completion as to prevent the filing of any lien, and that, in case
of contractors, the occupation or use of the building by the
owner or any one with his consent, or his acceptance of such
building, shall be deemed conclusive evidence of completion.
Held, that the fact that the owner accepted the building from
the principal contractor, who had completed his contract, did
not start the statute running against a person who had furnished
material to such contractor, where, after the time of such accept-
ance, other contractors put in a mantel and fireplace, since such
additional material and labor cannot be deemed a trivial imper-
fection or omission from the work; nor does the fact that such
building was rented and occupied by owner's tenant constitute a
completion of the building under the statute.—P. 56.

*Appeal from the District Court of El Paso County.
Hon. Louis W. Cunningham, Judge.*

·      Action by George M. Houston, doing business as
The Houston Lumber Company, to enforce a me-
chanic's lien.   From a judgment foreclosing the lien,
Mahlon Lichty appeals.                        *Affirmed.*

Mr. ROBERT L. HUBBARD, for appellant.

Messrs. SHEAFOR & KINNEY, for appellee.

Mr. Justice Bailey delivered the opinion of the court:

One James Cain contracted with appellant to construct two houses, Cain to furnish the material. He purchased the material from appellee, and failed to pay for it. These houses were close together, and the amount of material which went into each house could not be separated from the entire bill. According to the original plans, it appears that there were to be no mantels or grates.

Some time during the month of May, the owner of the buildings concluded that he would make some alteration in the plans, and put in a mantel.

Appellant says, in his testimony, that, upon the 25th of June he accepted the houses as complete, so far as the contract with Cain was concerned, and paid Cain the balance due him, upon the 26th day of June. At that time, the mantel had not been put in, and the screens and cellar door had not been hung, some of the picture molding had not been put in place, and one of the windows had not been fitted.

Appellant rented one of these houses to Mrs. Case, and she moved in on August first. This was the house in which the mantel had not been placed. Mrs. Case testifies that the putting in of the mantel and the grate, and the performing of the other work, was not done until after she moved in, though there is some testimony tending to show that it was done about the 25th of July.

Appellant was a carpenter, and was in the employ of contractor Cain. He worked upon these houses as such employee. The mantel and grates were not put in by Cain nor under his contract, but this work was done by Lowell and Meservey under an independent contract.

Appellee filed its lien statement on the 31st of

August, and subsequently brought suit and obtained a judgment for the foreclosure of the lien.

The court found, among other things, as follows:

"The court further finds that no work was done on said buildings, or either of them, after the 25th day of June, 1901, except the setting of the grate, mantel and tiling, and that said grate, mantel and tiling were placed, set and put in on or about the first day of August, 1901, and that said setting and putting in of the said grate, mantel and tiling, was necessary to the completion of the last building which was completed."

Appellant contends that the time for filing appellee's lien expired at the end of two months from the substantial completion of the building under the original contract between appellant and Cain, and under which contract the material was furnished by appellee, for which the lien is claimed. He reasons that the substantial completion of the work agreed to be performed by Cain was the completion of the building, as contemplated by the Mechanics' Lien Statute.

This contention is not tenable. In the absence of any statutory qualifications or definition of the term "completion," it should be construed to mean actual completion, dating from the time when the last work was done.—20 Am. & Eng. Enc. of Law (2d ed.) 395.

While section 9 of the Mechanics' Lien Law, p. 271, Sess. Laws of 1899, provides:

"Any trivial imperfection in or omission from the said work or in the construction of any building, improvement or structure, or the alteration, addition to or repair thereof, shall not be deemed such lack of completion as to prevent the filing of any lien, and, in case of contractors, the occupation or use of the building, improvement or structure by the owner or his representative, or any other person, with the con-

sent of the owner or his agent, or the acceptance by said owner or his agent of said building, improvement or structure, shall, for the purpose of this act, be deemed conclusive evidence of completion.''

It can scarcely be maintained that the lack of completion of the mantel and fireplace was a trivial imperfection or omission from the work. At any rate, the court of appeals has held: ''As a general proposition, such matters are matters of fact, and, when found by the trial court, are conclusive.''— *Stidger v. McPhee et al.,* 15 Colo. App. 252; See, also, *Coss v. McDonough* (Cal.), 44 Pac. 325; *Willamette S. M. Co. v. Los Angeles College* (Cal.), 29 Pac. 632.

The contention of appellant that the completion of Cain's contract and the acceptance of the same constituted a completion of the building within the meaning of the statute is equally untenable. Where the time for the filing of a lien begins to run from the completion of the building, the lien may be filed at any time within the period after the completion of the building, even though the principal contractor had contracted to do only a part of the work upon the building.—20 Am. & Eng. Enc. of Law (2d ed.) 394.

See, also, *Weyerhaeuser v. Fraim,* 54 Kan. 645, wherein it is stated:

''The statute, by its terms, plainly gives sixty days after the completion of the building in which to file the statement. No reason is apparent for attempting by construction to vary the literal terms of the law.''

Appellant also contends that, because the building was accepted from Cain, and was rented and occupied by appellant's tenant previous to the finishing of the mantel, that this acceptance and occupation should be construed as a completion of the building.

The acceptance of the building from Cain was simply an acknowledgment that he had completed his

portion of the contract, and not that the building itself was completed.   The statute gives a claimant two months from the completion of the building in which to file his statement, and not two months from the completion of the contract under which he furnished the material.   The fact that the house was occupied previous to the finishing of the mantel does not help appellant, for the reason that such occupation did not occur until about one month previous to the filing of the statement.

We have examined the testimony in this case very thoroughly, and are convinced that the finding of the court is supported by the evidence, and is in harmony with the statute.   The judgment will therefore be affirmed.                              *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.