## MILLER *et al.* v. FOSTER.

### No. 823. Opinion Filed May 9, 1911.

**APPEAL AND ERROR—Review—Findings of Court—Conclusiveness.** Where the court, sitting as a chancellor, found fraud and no consideration and set aside a deed and the same were fairly presumed from the facts and circumstances, the decree will not be disturbed.

(Syllabus by the Court.)

*Error from District Court, Comanche County; J. T. Johnson, Judge.*

Action by Milan G. Foster against J. J. Miller and Lula Southern. Judgment for plaintiff, and defendants bring error. Affirmed.

*Stevens & Meyers,* for plaintiffs in error.
*Steck, Key & Davis,* for defendant in error.

TURNER, C. J. On January 5, 1907, defendant in error, Milan G. Foster, sued J. J. Miller and Lula Southern in the district court of Comanche county. His complaint substantially states that on September 11, 1906, he was the owner in fee simple of seven lots (describing them) in block 42 in the Woods Addition to the city of Lawton; that on said day defendants conspired together to cheat him out of them; that pursuant thereto said Miller represented to plaintiff that said Lula Southern owned

a certain tract of land in Comanche county (describing it) which was very productive, some 65 acres being in good state of cultivation with a three and four wire fence around the tract; that it was all fine agricultural land and just as good as any in the country, and that said Lula desired to trade three-fourths of said land for plaintiff's lots and advised him that the same was a good trade; that plaintiff told him he would rather see the land before trading, whereupon defendant insisted that the land was all he had represented and there was no use going to see it; that plaintiff is a man of weak mind, which at times entirely leaves him; that said Miller mentioned the trade to plaintiff from time to time until finally, at a time when plaintiff was suffering from one of his spells and his mind was almost blank, said Miller induced him to sign a warranty deed conveying said lots to said Lula, she at the time relinquishing to plaintiff three-fourths of the aforesaid land belonging to her; that, except as to the ownership of said land, Miller's representations were false, and both defendants well knew that they were false, but nevertheless, with intent to defraud him, procured from him the deed aforesaid; that plaintiff believed said statements and had no means of ascertaining their falsity, and, in fact, did not know what he was doing; that said deed is now on record in said county and is void for fraud and for want of consideration. That plaintiff did not realize what he had done for some time, but upon the discovery of the fraud tendered back to defendants a relinquishment of said land and demanded a reconveyance of his lots, which was refused; that said lots are of the reasonable value of $1,000 and said relinquishment is worthless. He prays a cancellation of said deed and that he be adjudged the owner in fee simple of said lots.

The answer of defendants, after general denial, in effect, admitted the trade, but inferentially denied the fraud and asked judgment for costs.

There was trial to the court and judgment for plaintiff with a general finding that the facts stated in the petition were true and granting the relief prayed. Defendants bring the case here.

There is no attempt at an assignment of errors pursuant to

the rules of this court. Both sides are content to argue the case in their briefs as to a jury. We have examined the record and, guided by the rule laid down in *Bottoms v. Neukirchner*, 29 Okla. ——, and being mindful of what was there quoted approvingly from *Armstrong v. Lachman*, 84 Va. 726:

"'It is not safe to undertake to define what degree or kind of proof will justify a court of equity in granting relief against fraud, for the proof must satisfy the conscience of the court, and no man would deem it prudent to attempt to define the extent of that indispensable qualification in a judge or a court'"

—we are of opinion, for the reason that the competent evidence was sufficient to support the decree of the court sitting as a chancellor, and that both fraud and the worthlessness of the consideration were fairly presumed from the facts, that the decree of the trial court should be and the same is affirmed.

All the Justices concur.