[No. 7481.]

### CURTIS v. McCARTHY. ·

1. MECHANIC'S LIEN—*Date of Filing Claim of Lien—Last Work Done*—The last work performed upon a dwelling by the sub-contractor for the plumbing was the insertion of a new back to a sink, and supplying certain unimportant omissions. The owner's agent refused to accept the work until this substitution had been made, and these omissions supplied. There was no evidence that the work had been delayed, or the omissions made, for the purpose of extending the time within which the claim of lien might be filed. *Held*, that a notice of lien filed within thirty days next ensuing was in time; that the owner should not be heard to contend that what was so demanded by his agent was not a continuation and completion of what had been done under plaintiff's contract.

2. ——*Service of Claim of Lien on Owner's Agent*—The service of the sub-contractor's claim of lien upon the agent of the owner of the premises, in charge of the erection of the building, is sufficient.

3. ——*Conduit for Supplying Water to a Dwelling*—A claim for the value of iron pipe laid entirely within the premises upon which a dwelling is erected, and conveying water thereto for domestic use, is a proper subject of a lien in favor of the sub-contractor, both upon the dwelling and the land.

*Error to Garfield District Court.*—Hon. JOHN T. SHUMATE, Judge.

Mr. J. R. MOORE, for plaintiff in error.

Messrs. DARROW & ROWE, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

Action for the enforcement of a mechanic's lien by a sub-contractor and material man for the performance of certain work and the furnishing of certain plumbing material. A personal judgment was entered against the original contractor for $337.99, which was declared a lien against the property, and foreclosure order. The owner brings the case here for review upon error.

It is claimed: First, that the lien was not filed in apt time. Second, that the notice was not served upon the owner or his authorized agent as required by the lien act. Third, that the plaintiff was not entitled to a lien for certain iron pipes furnished which were used to conduct the water to the pipes in the dwelling house and which were connected therewith.

The lien was filed November 14th, 1910. There is evidence that the last work done and material. furnished by the contractor was on the preceding 15th day of October. This consisted of inserting a new sink back to take the place of a defective one, together with some other odds and ends in. connection with the work that had not been finished. There is also evidence which discloses, that the contractor and the agent of the owner refused to accept the work of the plumber until October the 15th; that their excuse was that the sink back was broken, and that it would have to be replaced before there would be any settlement. There is nothing which discloses that the furnishing and placing in position of the new sink back, and the supplying of certain other omissions required by the terms of the contract were delayed for the purpose of extending the time within which to file the lien. The matters were done at the demand of the contractor and the agent of the owner. The court found that the date of the completion of these items was the date when the last work was done and the last material furnished. There is evidence

to support this contention. Under such circumstances as above stated the defendant cannot be heard to say that this work, done at the request of his agent in order to complete the contract, was not a continuation of the previous work done under the same contract.—*Stidger v. McPhee*, 15 Colo. App. 252; *Lichty v. The Houston Lbr. Co.*, 39 Colo. 53; *Rieflin v. Grafton*, 115 Pac. (Wash.) 851; *Conlee v. Clark*, 14 Ind. App. 205; *McIntyre v. Trautner*, 63 Calif. 429.

The notice of intention to claim a lien was served upon Leonard E. Curtis, Jr., the son of the owner instead of the owner. It is claimed that the evidence is insufficient to show that he was the agent of his father and in this respect it fails to show a compliance with the statute. In the pleadings the defendant owner admitted that the plaintiff McCarthy gave him the notice of his intention to file a mechanic's lien and that thereafter the plaintiff did file such a lien. The evidence discloses, that the only notice served was that delivered to Curtis, Jr.; that the same consisted of a copy of the plaintiff's lien claim statement. Curtis, Sr., by his pleadings admits receipt of the notice which was through service upon his son, this, to a certain extent, could be construed as admitting the agency, but outside of this there is testimony of facts, circumstances and transactions which tend to establish the agency and the ratification of all such acts by the father, the son was in possession of the property; he was engaged in the acceptance of certain work upon the building, and the refusal to pay for other work, and other circumstances, when considered as a whole, which would justify the conclusion of the trial court that he was the recognized agent of the father in this transaction. We find no prejudicial error in this respect.

The iron pipe for which the plaintiff claims no lien can attach was used for the purpose of conducting water from a reservoir to the house for domestic purposes used therein and thereabout. The distance of the reservoir from the house is not given, but from the amount of the bill it could not be far. The land upon which the building was constructed, upon which

the lien was also claimed, consisted of about twenty acres; it was in the country. It is not contended that any of this pipe was used beyond the boundaries of this land. At the trial it was admitted that the material was furnished for the purposes alleged. No objections were made in the pleadings or otherwise to their all being included in the one lien and suit brought to foreclose accordingly; the land and building were both held for their payment. Under such circumstances we are of opinion that under the provisions of general section 4025, Revised Statutes, 1908, the plaintiff was entitled to his lien for the entire amount.—*Edwards v. Derrickson,* 28 N. J. L. 39; *Ozark v. Adams,* 83 S. W. (Ark.) 920; *Crane Co. v. Epworth Hotel etc. Co.,* 98 S. W. (Mo.) 795.

The judgment is affirmed.                    *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.