[No. 7840.]

### Curtis v. Nunns.

1. Mechanic's Lien—*Date of Completion of Building*, settled by the opinion in *Curtis v. McCarty*, 53 Colo. 284.

2. ——*Acceptance of Building by Owner from Contractor*, does not set in course the statute prescribing the time in which a sub-contractor must proceed to enforce his lien.

3. ——*Failure to Record Contract—Effect*—Where the sum to be paid by the owner for the erection of the building exceeds $500.00, and he fails to cause such contract to be recorded as required by sec. 4025, Rev. Stat., every sub-contractor, material man, etc., is placed in the position of principal contractor, so far as relates to his claim of lien, and no notice of his lien is required to be served on the owner, under Rev. Stat., sec.. 4033.

*Error to Garfield District Court.*—Hon. John T. Shumate, Judge.

Mr. JAMES R. MOORE, for plaintiff in error.

Messrs. DARROW & ROWE, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This action was to establish and foreclose a mechanic's lien. The plaintiff claimed a lien in the sum of $413.70 for work and labor performed in the construction of defendant's dwelling. This included the assigned claim of $34.50 of another laborer upon the same building, but the same state of facts exists as to both. The court sustained the claim of lien and ordered foreclosure. The errors alleged are:

"(a)   Plaintiff's action was not commenced within six months after the completion of the building;

(b)   Plaintiff's lien claim statement was not filed in the office of the county clerk and recorder of Garfield county within one month next after the completion of the building;

(c)   The owner of the property was not served with a copy of the lien claim statement at or before the time same was filed in the office of the county clerk and recorder."

Much of this contention hinges on the date of the completion of the building. This question was determined by this court as to the same building in the case of *Curtis v. McCarthy*, 53 Colo. 284, 125 Pac. 109.

Under the state of facts in that case presented, and not materially different in this case, it was there held that the building was completed on the 15th day of October, 1910. The trial court so found in this case, and for the reasons given in *Curtis v. McCarthy, supra*, the finding will not be disturbed. This suit was filed on the 7th day of April, 1911, and therefore within six months from the completion of the building, October 15th, 1910, as required by the statute. Sec. 4034, Rev. Stat. 1908.

But Curtis testifies that he accepted the building on September 7th, 1910, from Lukenbill, his principal contractor, and at that time specifically waived all objections to it, and it is

argued that this fixes the time of completion as of that date, regardless of what may be found to be the fact as to the time of actual completion.

This testimony is from its very nature self serving, and is strangely in contradiction of the conduct of Lukenbill, who refused to pay plaintiff, or accept his work until he had performed the labor demanded of him by Lukenbill, and which was performed by plaintiff on October 15th, 1910. But, as will appear hereafter, the plaintiff in so far as his claim of lien is concerned, was to that extent a principal contractor and as such may have filed his statement of lien at any time within three months from the completion of the building. But it has been held by this court that the fact that the owner accepted the building from the principal contractor, who had completed his contract, did not start the statute running as against a person who had furnished material to such contractor, and where after such acceptance, there was put into the building by others, material or labor not trivial in character.—*Lichty v. Houston Lumber Co.*, 39 Colo. 53.

It would be a singular state of the law if Curtis, the owner, could by words of acceptance addressed to his principal contractor, with no recorded contract to guide sub-contractors, thus change the actual time of completion, and in this way defeat the honest claim of a sub-contractor.

The last work and labor was performed on the 9th day of September, 1910. The statement of lien was filed on the 8th day of October, 1910, and after the last labor for which the lien is claimed, was performed, and within one month after the completion of the building. Sec. 4033, Rev. State. 1908.

But service of a copy of the lien statement was not served upon the owner or reputed owner, at or before the time of filing with the county clerk and recorder, as provided by said Sec. 4033. It is contended that such service is jurisdictional, and hence in this case the claim of lien may not be sustained.

The plaintiff in error, owner of the building, entered into a contract with one Lukenbill as principal contractor for the

construction of the building. The defendant in error and his assignor, were employed by Lukenbill. It is admitted that the contract price exceeded the sum of $500.00 and that the contract was not filed for record as provided by the statute, sec. 4025, Rev. Stat. 1908. But this statute also provided:

"And in case such contract is not filed as above provided, the labor done and materials furnished by all persons aforesaid (mechanics, material men, contractors, sub-contractors, builders and all persons of every class performimng labor upon * * * any building) before said contract or memorandum is filed, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof."

Therefore, in case of failure to file the contract for record under this proviso, the labor performed by a sub-contractor, shall be deemed to have been done at the personal instance of the owner, and such claimant is to that extent placed in the position of the principal contractor in so far as it relates to his claim of lien.

But no copy of the contract between Curtis, the owner, and Lukenbill, the contractor, was filed with the clerk and recorder as provided in sec. 4025, Rev. Stat., and therefore under that section, the work and labor performed by the plaintiff is deemed to have been done at the personal instance of the owner, and he is entitled to a lien for the value thereof.

Under this state of the law and the facts presented here, the plaintiff stands in the light of an original contractor in so far as it relates to the matter of the establishment and enforcement of his lien. Therefore the notice is not required to be served in such case.—*Kellogg v. Howes,* 81 Cal. 170.

The Judgment is affirmed.

CHIEF JUSTICE MUSSER and Mr. JUSTICE GARRIGUES concur.