## STATE BANK OF WESTFIELD v. KISER *et al.*

No. 4286.    Opinion Filed April 27, 1915.

(148 Pac. 685.)

1.  **APPEAL AND ERROR—Trial—Discretionary Ruling—Reopening of Case.** As a general rule, it is no abuse of discretion for a trial court, after the announcement of rest, to permit the case to be reopened for additional testimony, even though a demurrer to the evidence has been interposed, before the request is made. That is a matter within the sound discretion of the trial court, and will not be interfered with unless there has been an abuse of that discretion.

2.  **TRIAL—Submission of Issues—Evidence.** Where the evidence raises an issue of fact, whether clear or obscure, it is the duty of the trial court to submit such issue of fact to the jury for their consideration.

3.  **APPEAL AND ERROR—Judgment—Evidence.** Where the instructions fairly state the law and there is any evidence to support the verdict of the jury, on appeal, the judgment will not be disturbed.

(Syllabus by Brett, C.)

*Error from District Court, Beckham County;*

*G. A. Brown, Judge.*

Action by the State Bank of Westfield against W. B. Kiser and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*T. Reginald Wise,* for plaintiff in error.

*Arthur Leach* and *J. C. Minton,* for defendants in error.

BRETT, C. This is a suit on nonnegotiable notes indorsed by the Westfield Stock Company to the plaintiff in error, the State Bank of Westfield, which was plaintiff below, against the defendants in error, W. B. Kiser *et al.,* who were defendants below, and for convenience will hereafter be designated as plaintiff

and defendants. The plaintiff sued upon one note of $834 and accrued interest and the balance of another note of $126.35 and accrued interest and attorney's fee. The defendants filed a general denial, admitting the execution of the notes, pleaded failure of consideration, breach of warranty, and fraud; alleging that said notes are the balance of the purchase price of a Percheron stallion purchased from said Westfield Stock Company· and represented by said company and warranted to be a registered, imported stallion and warranted to foal 60 per cent. of the mares served; that the price of said stallion was $2,500, of which $2,019.65 has been paid; that the stallion was not registered, and did not foal 60 per cent. of the mares served, and was worthless for breeding purposes for which he was purchased; and claim damage by reason of his failure to come up to the warranty, and alleged that at the time and place of purchase he was not worth to exceed $500. The plaintiff for reply filed a general denial and set up a copy of the contract and bill of sale, which contains substantially the warranties alleged in defendants' answer. The issues and evidence were submitted to a jury, which found for the defendants, and judgment was rendered upon their verdict, from which judgment the plaintiff appeals to this court.

There are three assignments of error; the first assignment is:

"The court erred in overruling plaintiff's first demurrer to the evidence of the defendants adduced by the defendants as defense to plaintiff's cause of action."

Under this assignment the plaintiff complains that the court, after defendants had rested and its demurrer to the evidence had been interposed, permitted defendants to withdraw their announcement of rest and introduce additional testimony in support of the allegations of their answer. That was a matter within the sound discretion of the trial court, and if it was apparent to the court that the ends of justice would be furthered by allowing the defendants to withdraw their announcement of rest and introduce

additional evidence, it was no abuse of his discretion to permit the case to be reopened for that purpose. And this court will not interfere unless there has been a palpable abuse of discretion.

At the close of this additional testimony introduced by defendants, the plaintiff interposed another demurrer to the evidence, which the court overruled, and this ruling of the court is the ground of plaintiff's second assignment of error. We have carefully read the evidence, and think this demurrer should have been overruled. If there is any evidence offered which raises an issue of fact for the consideration of the jury, the court should, under proper instructions, submit such issue to them for their determination. It is not the policy of the law, in jury trials, that the court shall invade the provinces of the jury and weigh the evidence and determine the facts, but that all issues of fact, whether they be clear or obscure, shall be submittd to the jury and determined by them.

The third and last assignment · of error is that the court erred in overruling plaintiff's motion for a new trial. We have examined the instructions, and are of the opinion that they state the law applicable to this case very clearly, and the jury found the facts against the plaintiff, and where there is any evidence to support the verdict of the jury, this court will not interfere. And after a careful examination of the evidence we are convinced that there is sufficient evidence to support the verdict of the jury and the judgment of the court.

We recommend the case be affirmed.

By the Court: It is so ordered.