## ANTHONY v. DUKES.

No. 17880. Opinion Filed April 3, 1928.

Rehearing Denied May 22, 1928.

(Syllabus.)

1. **Oil and Gas—Lien of Subcontractor for Material—Necessary Filing and Notice to Owner.**

It is a condition precedent to the establishment of a lien under section 7464, C. O. S. 1921, upon an oil and gas leasehold, by the subcontractor furnishing material, that he file his statement of lien as provided for in section 7463, and also give notice to the owner as therein provided, within a reasonable time.

2. **Same—Loss of Lien Rights by Failure to Give Due Notice to Owner of Leasehold.**

In this case, where plaintiff had failed to perfect his lien in that he had not given notice to the owners of an oil and gas leasehold of the filing of his lien statement for an unreasonable length of time, held, that plaintiff had no lien, and a party purchasing the leasehold at public sale, though with actual notice that plaintiff had furnished material for which he might have caused a lien to be fixed on the leasehold, and in fact claimed a lien thereon, the purchaser took the leasehold free from any claim of the plaintiff.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; C. S. Walker, Judge.

Action by Jason Dukes against S. W. Anthony et al. Judgment for plaintiff, and defendant S. W. Anthony appeals. Reversed and remanded.

L. O. Lytle, for plaintiff in error.

Joe W. Simpson and Guy S. Manatt, for defendant in error.

REID, C. The plaintiff, Jason Dukes, brought this suit against C. F. Sibble, John F. Murphy, John F. Murphy, agent, W. R. Mullens, H. E. Mullens, and S. W. Anthony, to foreclose a materialman's lien on an oil and gas leasehold and the equipment used thereon in drilling wells for oil and gas.

Plaintiff's petition in this case was filed on March 13, 1923, and upon a trial of the case, he had judgment against the defendant Sibble for the amount of his debt and attorney's fee, and against all other defendants in the case, declaring plaintiff to have a lien for his debt and attorney's fee, on the leasehold interest in controversy herein, superior to all the rights of all the defendants, and ordering the leasehold together with the equipment and appurtenances thereon situated sold in payment thereof. Only the defendant S. W. Anthony is appealing.

All questions presented by this appeal may be disposed of by considering the assignment of error by the defendant based upon the proposition that the trial court erred in refusing to sustain defendant's demurrer to plaintiff's evidence. It is evident that if the plaintiff's testimony showed no right of recovery, then other questions become immaterial.

The evidence shows that the defendant Sibble had a contract to drill wells for oil and gas upon the leasehold in controversy, and that the plaintiff furnished Sibble, the contractor, material used by him in the development of the lease. The plaintiff therefore became a subcontractor within the meaning of section 7463, C. O. S. 1921.

The last item of material was furnished by plaintiff on May 26, 1922, and he filed a statement of his materialman's lien in the court clerk's office of Tulsa county, on the 26th day of June, 1922, claiming a lien upon the leasehold in controversy and upon the equipment used by Sibble in the development of the lease.

In the statement of plaintiff's lien filed, he designated the owners to be C. F. Sibble and John F. Murphy, agent, and stated that Sibble was the contractor.

Sibble drilled the wells on the leasehold on which plaintiff claims the lien for material furnished. Sibble was not paid for this service, and filed a mechanic's lien statement in the court clerk's office, and brought suit to foreclose his lien on the leasehold. He obtained a judgment of foreclosure, and the leasehold in controversy was sold at sheriff's sale on the 25th day of November, 1922, and the defendant Anthony became the purchaser at this sale, which was later confirmed to him by order of the court, and he got a sheriff's deed to the leasehold on the 15th day of March, 1923. The plaintiff was not made a party to the suit brought by Sibble.

The evidence is uncontradicted that, at

the time the defendant bought the leasehold, he was informed that plaintiff claimed a lien on it, and was so advised by the deputy sheriff at the time of the bidding.

No notice of his lien had been given by the plaintiff to any owner until after the sale, and the purchase thereat by Anthony. Notice of the filing of plaintiff's lien was served as follows: S. W. Anthony, W. R. Mullens, and H. E. Mullens, December 26, 1922, J. F. Murphy, January 8, 1923, and C. F. Sibble, January 17, 1923.

If the plaintiff has any lien in this case, he has it by virtue of the statutes of this state. Section 7464, C. O. S. 1921, gave him a lien on condition that he complied with section 7463, and thereby made his lien operative.

In the case of Bryan v. Orient Lumber & Coal Co., 55 Okla. 379, 156 Pac. 897, this court in the syllabus said:

"While the law providing for a material-man's lien should be liberally construed to effectuate the object of the law, it is a condition precedent to the establishment of such lien that the proper lien statement be filed with the clerk of the proper district court, within the time provided by section 3863, Rev. Laws 1910, if the party seeking the lien be an original contractor, and within the time provided by section 3864, Rev. Laws 1910, if the party seeking the lien be a subcontractor; and such subcontractor must also give notice of the filing of such lien statement to the owner."

And in the case of Holland v. Robbins, Sheriff, 92 Okla. 225, 219 Pac. 387, the foregoing case was expressly approved with this language:

"It is not a matter of voluntary contract between the parties, and the plain provisions of the statute point out the manner that this right may be obtained by the party desiring to assert it, and there is no provision of the statute that gives a party the right to the lien without he first comply with the requirements of the statute, and there is no provision of the statute that says that the establishment of the lien is only for the purpose of protecting the lienholder against third parties. This being true and this court having held in Bryan et al v. Orient Lumber & Coal Company, a later case, exactly contrary to the decision in the South Texas Lumber Co. v. Epps et al. Case, we think that the case of the South Texas Lumber Company on this proposition should be and it is hereby expressly overruled."

Section 7463 provides that the subcontractor shall file his statement with the clerk within 60 days after the last material was furnished, and shall complete fixing his lien by serving a notice in writing of the filing of such lien upon the owner of the premises. It will be noticed that the statute does not say within what time this notice shall be served, but every rule of construction known to the courts suggests that it be served within a reasonable time. And this construction has been given this statute by this court in the case of Union Bond & Inv. Co. v. Bernstein, 40 Okla. 527, 139 Pac. 974, wherein it was said in the syllabus:

"Comp. Laws 1909, sec. 6153 (Rev. Laws. 1910, sec. 3864) construed, and held, that the subcontractor has a reasonable time after filing his statement for a mechanic's lien within which to serve a notice in writing of the filing of such statement upon the owner of the land or improvement; held, further, that such notice need not be served within the 60 days provided for filing a lien statement, but the subcontractor must exercise reasonable diligence after filing said statement to serve notice on the owner."

The plaintiff contends, and the evidence shows, that at the time the defendant Anthony bought the leasehold at the sale, he had actual notice of plaintiff's claim of lien thereon. But if plaintiff had no lien, the defendant cannot be charged with notice of something which in law did not exist.

Phillips on Mechanics' Liens (2nd Ed.) section 233, says:

"There is no moral obligation on a purchaser to liquidate a claim, even with actual notice of its existence, which, on its face, was no lien at the time of his purchase. A purchaser, therefore, at sheriff's sale is not bound to notice a deed or mortgage defectively registered, or a judgment or lien which appears on its face to be a nullity. Even had actual notice of it been given him, he would have been informed of nothing but an abortive attempt to create a lien. Under a provision 'that the liens created in pursuance of this act shall have precedence over all other liens or encumbrances which have attached upon the premises, subsequent to the time at which said notice was given,' it was held that the lien begins only from the time of filing the notice, and a purchaser at any time before the giving of such notice takes title unaffected thereby."

At the time the leasehold was bought by the defendant at the Sibble foreclosure sale, no notice of his lien claimed had been served by the plaintiff on any owner, though six months had passed since plaintiff had filed his lien statement.

We would not attempt to lay down any hard and fast rule as to what is a reasonable time within which a subcontractor must serve notice of his lien in order to preserve it; but, as in this case, where the evidence fails to show any reason or excuse for the

delay in giving notice, we are driven to the conclusion that six months is an unreasonable length of time, and that, therefore, when Anthony bought the leasehold, the plaintiff had no lien on it, and any notice served thereafter on any person did not have the effect to fix a lien for plaintiff. And if the plaintiff had no lien, it is immaterial whether Anthony did, or did not, know of the claim of plaintiff when he bought the leasehold.

It appearing that the evidence of plaintiff disclosed that he had no lien upon the leasehold in controversy, the question of the sufficiency of the ownership as set out in the lien statement, as well as other questions, become immaterial.

We therefore recommend that the judgment of the trial court should be reversed and remanded, with directions to enter judgment for the defendant S. W. Anthony in accordance with the views herein expressed.

BENNETT, HERR, FOSTER, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 40 C. J. p. 1173, §854. (2) 40 C. J. p. 1179, §872.