## IMPROVED INDUSTRIAL ORDER OF WISEMEN v. MIMS et al.

No. 21967. May 1, 1934.

Rehearing Denied May 29, 1934.

H. R. Edwards and P. A. Chappelle, for plaintiff in error.

A. T. Lewellen, for defendants in error.

PER CURIAM. The beneficiaries of an insurance policy brought suit in the court of common pleas of Tulsa county against the insurer, Improved Industrial Order of Wisemen. The defendant admitted the execution of the policy, but contends that it lapsed for nonpayment of premiums or dues, and because the local lodge to which the assured belonged had been suspended before her death and thereby destroyed the effect of the policy.

The defendant has its grand lodge at Muskogee with branch lodges at other places. A branch lodge was organized at Sand Springs, where the assured became a member and secured a policy of insurance on her life for $400, issued by the parent lodge on July 30, 1927. She died August 31, 1928. A jury being waived, the trial court rendered judgment for the plaintiffs, from which the defendant appeals and urges as its sole ground for reversal that the "judgment is contrary to the evidence."

The constitution, by-laws, rules, and regulations of the order are incorporated by reference in the policy, and provide that a policy is forfeited for nonpayment of dues or in case of the suspension of the subordinate lodge to which the member belongs, but may be reinstated under certain conditions.

The Sand Springs lodge, after running less than a year, ceased to have lodge meet-

ings and ceased making lodge reports to the grand lodge and was suspended July 21 or July 31, 1928—the evidence is conflicting as to these dates. It had been subject to suspension for several months before this date, but the local officers continued to collect dues and forward to the parent lodge its pro rata part thereof, and these payments were retained by the parent lodge until after the death of the assured without disclaiming the authority of the officers of the local lodge to collect, and without making complaint of any kind to the assured. The assured was sick for several months before her death and there is nothing in the record to show that she knew the local lodge had been suspended some 30 days before her death.

The trial court found the assured paid her premiums when due. This being a law action, the finding is not subject to review further than to ascertain if there is any competent evidence reasonably tending to sustain it. State Bank of Westfield v. Kiser, 46 Okla. 180, 148 P. 685. There is some competent evidence in the record reasonably tending to sustain the finding. In addition to the oral evidence, the plaintiffs introduced, with the consent of the defendant, a verified certificate made to the parent lodge by the officers of the local lodge, who collected dues from its members and forwarded them to the parent lodge, in which they state that the assured at the time of her death had "paid all dues promptly and on time."

The trial court correctly held the officers of the local lodge were agents of the parent lodge. These local officers, with the knowledge of the parent lodge, collected dues from members and forwarded them to the parent lodge, which retained them. By retaining the money the parent lodge ratified the agency and is estopped to deny it, and by retaining the premiums the defendant is estopped to claim a forfeiture. The forfeiture provisions of an insurance policy are for the benefit of the insurer, which it can waive and does waive by accepting premiums with knowledge of its right to claim the forfeiture. Knights of Maccabees v. Johnson, 79 Okla. 77, 185 P. 82; Pacific Mutual Life Ins. Co. v. McDowell, 42 Okla. 300, 141 P. 273.

We are, therefore, of the opinion, and hold, that the judgment of the trial court is reasonably sustained by competent evidence and should be, and is hereby, in all things affirmed.

The Supreme Court acknowledges the aid of District Judge E. L. Richardson, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.