### DEEMS v. MILLIGAN et al.

No. 26175. Jan. 26, 1937.

Moss & Powell and Wedgwood & Houk, for plaintiff in error.

Scarritt & Champlin, for defendant in error H. H. Champlin.

PER CURIAM. Plaintiff in error, plaintiff below, appeals from a judgment rendered in the district court of Garfield county, Okla., in which a money judgment was rendered in favor of H. H. Champlin, intervener in said action, on certain promissory notes, and in which foreclosure of mortgage was decreed, with authorized sale of real property, located in Garfield county, Okla., to satisfy said money judgment. Title was quieted against plaintiff. The trial was had before the court, without intervention of a jury. The interested parties litigant will be herein referred to, respectively, as plaintiff and intervener.

Plaintiff claimed to be the owner of two promissory notes with certain interest coupons, executed by the defendant Mary Milligan, nee McConnell, secured by mortgage on the real estate involved in this action (said promissory notes and interest coupons having originally been part of a series of promissory notes executed to First Mortgage Loan Company of Oklahoma City, hereinafter referred to).

Many of the essential facts involved are not disputed. Mary Milligan, nee McConnell, executed a series of coupon and interest notes to First Mortgage Loan Company of Oklahoma City, Okla., on or about the 13th day of October, 1928, and secured same by a real estate mortgage on the lands in controversy. First Mortgage Loan Company of Oklahoma City, Okla., later assigned these notes to Phillips University of Enid.

Plaintiff **paid** delinquent interest and two past due principal notes of this series on or about December 31, 1931, in the aggregate amount of $1,293.15. It is admitted that no assignment of these principal notes and interest coupons was made to plaintiff.

On or about July 17, 1930, Mary Milligan, nee McConnell, executed a note to Champlin Refining Company and secured the payment of same by a second mortgage on the same premises. This mortgage was foreclosed in another action on or about August 8, 1932,

a sheriff's sale was had, and a deed issued to Champlin Refining Company on or about August 18, 1933.

On December 13, 1932, Phillips University of Enid transferred the **unpaid** notes secured by the first mortgage to H. H. Champlin, who intervened in the above action, claiming that he was the bona fide purchaser and owner of said notes and mortgage and asking for foreclosure of same.

The notes secured by the first mortgage, or some of them, became delinquent, and Mary Milligan, nee McConnell, was unable to pay them as they matured. Plaintiff paid these. Plaintiff had loaned or advanced certain other monies to Mary Milligan, in financing a business enterprise being carried on by her, and on January 4, 1933, Mary Milligan, nee McConnell, and J. D. Milligan, her husband, executed to plaintiff a real estate mortgage securing the sum of $5,000, covering the lands involved in this foreclosure action. It was admitted by plaintiff that this mortgage and the notes secured thereby represented all indebtedness owing him by the said Mary Milligan. After developing this line of testimony, plaintiff objected to cross-examination with respect to the purposes of this $5,000 mortgage, but sought to base his present cause of action upon the doctrine of subrogation, to the extent of the principal and interest notes paid by him, to the rights of the holder of the first mortgage.

After the trial court had announced its judgment, plaintiff sought to reopen the case and introduce further evidence to explain the purpose of the $5,000 mortgage executed and delivered to him on the 4th day of January, 1933. This application was denied and presents one of the salient points urged in this appeal.

Plaintiff admits that it is discretionary with the trial court, after the evidence in a case has been closed and all parties rest, whether the case is reopened to receive further evidence. In extreme cases, where an abuse of discretion is clearly shown, the conclusion of the trial court, in such circumstances, may be reviewed on appeal here, and the error corrected. However, we find no abuse of discretion in the instant case. Plaintiff developed the testimony, on cross-examination, respecting the $5,000 mortgage executed by Mary Milligan and husband to secure all indebtedness owing plaintiff at that time, including the indebtedness created by plaintiff's paying the principal and interest notes sued on in this action. Plaintiff then objected to intervener interrogating the witness concerning this matter. After considering the circumstances, we cannot say that the trial court abused its discretion. Whether further evidence shall be received after a case is closed always rests in the discretion of the trial court, and its decision will not be reversed except for a patent abuse of that discretion. State Bank of Westfield v. Kiser, 46 Okla., 180, 148 P. 685; Home Insurance Company of New York v. Whitchurch, 139 Okla. 1, 281 P. 234, Collum v. Stokes, 146 Okla. 176, 293 P. 1036.

Plaintiff then argues that the evidence before the court was insufficient to support the judgment rendered in favor of intervener.

He asserts that an assignment of a part of a debt carries with it a proportional assignment of interest in the mortgage or security behind the debt. In ordinary circumstances, that statement of the law is correct. But there was no evidence of an assignment to plaintiff of the notes and interest coupons sued upon. There was evidence from which the trial court could reasonably conclude that by reason of other advances made by plaintiff to Mary Milligan, nee McConnell, plaintiff was interested in paying delinquent installment notes and interest coupons of the series of notes secured by the mortgage involved in this action, in order to forestall precipitate foreclosure of the mortgage because of default in its terms.

The ultimate question before the trial court was the proper and correct treatment of the equities of the respective parties. It is asserted by plaintiff on appeal, that intervener had not pleaded a waiver by plaintiff, through the taking of the $5,000 mortgage, of his claimed right to subrogation. As we view the matter, such pleading was unnecessary. When equitable jurisdiction is invoked and the administration of equitable principles attaches in a proper proceeding, the court may and should administer complete relief on all questions raised by the evidence, regardless of whether or not they were specially raised by the pleadings. Lewis v. Schaffer, 163 Okla. 94, 20 P. (2d) 1048; Chastain v. Smith, 77 Okla. 188, 187 P. 802; Shull, State Bank Com'r, v. Yeargain, 149 Okla. 224, 300 P. 307.

There was adequate evidence to support the judgment of the trial court. It is a fundamental rule of appellate procedure in this jurisdiction that, in an equity appeal, this court will weigh the evidence, but will not disturb the judgment of the trial court unless it is clearly against the weight of the evidence. Miller v. Foster, 28 Okla. 731, 116 P. 438; Johnson v. Perry, 54 Okla. 23,

153 P. 289; Burt v. Riley, 137 Okla. 10, 278 P. 265.

There being no evidence from which it could reasonably be held that plaintiff's equities, if any, were superior to the intervening equities of intervener, we conclude that the judgment of the trial court should be, and is, affirmed.

The Supreme Court acknowledges the aid of Attorneys I. J. Underwood, Eben L. Taylor, and C. S. Walker in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Underwood and approved by Mr. Taylor and Mr. Walker, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion, as modified, was adopted.

OSBORN, C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur.