**In re James M. and Mildred Yvonne TEFERTILLER, Debtors.**

**SHAWVER & SON, INC., Plaintiff,**

v.

**James Marion TEFERTILLER, Defendant.**

No. 68203.

Supreme Court of Oklahoma.

April 18, 1989.

John Crittenden, Oklahoma City, for plaintiff.

Paul E. Sutton, Shawnee, for defendant.

DOOLIN, Justice.

The United States Bankruptcy Court for the Western District of Oklahoma has certified a question of law wherein the pivotal issue is whether the perfection of a mechanic's and materialmen's lien pursuant to 42 O.S.1981 § 143 is required to assert a claim upon construction trust funds under 42 O.S.1981 §§ 152, 153. We answer affirmatively.

The following facts were proffered to this Court in connection with the posed question of law. Pratt Food, Inc., not a party herein, hired the defendant James Tefertiller, d/b/a T & C Construction Company and Teco Builders, Inc., (Tefertiller), to perform remodeling work at three of its stores. Defendant employed the plaintiff Shawver & Son, Inc., (Shawver), an electrical subcontractor, to furnish electrical labor and materials for the remodeling jobs.

Pratt Food paid defendant, pursuant to the remodeling contract, a total sum of $30,499.46 between November 4th and December 6th, 1985. Shawver completed its electrical subcontract, but was not fully paid. It is undisputed that Tefertiller owes Shawver $15,055.11. However, defendant is now a debtor pending bankruptcy under the provisions of Chapter 7 of the United States Bankruptcy Code; and most important, Shawver failed to timely perfect a mechanics' and materialmen's lien pursuant to 42 O.S.1986 Supp. §§ 141–154.

Shawver contends it has a "lienable claim" and is thus a beneficiary pursuant to 42 O.S.1981 § 152(1). Plaintiff places great reliance on this Court's application of Oklahoma's construction trust funds statutes in *McGlumphy v. Jetero Const. Co., Inc.*, 593 P.2d 76 (Okl.1979), to buttress the preceding postulation, and to assail as unsound the Court of Appeals' following statement of law in *Bohn v. Divine*, 544 P.2d 916, 920 (Okl.App.1975) ["Unless the lienable claim was perfected within 90 days of completion of work or the furnishing of materials, the character of the claim was no longer 'lienable.' "].

Inherent in plaintiff's contention is the argument that once a general contractor receives construction money, which is subject to a lienable claim of one of its subcontractors, such subcontractors, as beneficiaries of the construction trust fund, can claim the benefits of §§ 152 and 153, regardless of whether the subcontractor has perfected a lien against the real property.

Shawver further asserts that "once there is a funded trust, it is wrong to dissolve the trust merely because the subcontractor-beneficiary does not file a lien against the owner's property," because § 152(1) specifically requires Tefertiller to hold the money received "as trust funds for the payment of **all lienable claims due and owing or to become due and owing** by such contrac-

tors ... by reason of such building or remodeling contract," (emphasis by plaintiff); and furthermore, § 153(1) mandates that all "such trust funds shall be applied to the payment of said valid lienable claims and no portion thereof shall be used for any other purpose until all lienable claims due and owing shall have been paid." Finally, Shawver contends that the Oklahoma Legislature intended §§ 152 and 153 to be an alternative remedy to the perfection of a mechanic's and materialmen's lien.

Tefertiller argues that Shawver could have perfected a mechanic's and materialmen's lien by following the procedures as provided in § 143. Defendant further contends that Shawver's failure to timely perfect its lien precludes it from impressing a trust upon the funds paid by Pratt Food. Otherwise, the parties do not dispute that Shawver would qualify as a beneficiary under §§ 152 and 153.

It is undisputed that Shawver could have perfected its subcontractor's lien under § 143 by following the described procedure therein. Section 143 requires the lien of a subcontractor to be filed within 90 days after the date upon which materials were last furnished or labor last performed under the subcontract. In seeking a liberal application of the construction trust fund statutes, Shawver makes no effort to justify nor excuse its failure to perfect its lien, but relies solely on Tefertiller's receipt of construction funds and its alleged status as an unpaid subcontractor-beneficiary with a lienable claim then due and owing against Tefertiller.

The lien statutes of Oklahoma afford an abundance of protection for mechanics and materialmen, but likewise, such subcontractors must perfect a lien prescribed by law to fall within the protection afforded by §§ 152 and 153, because "(t)he construction trust fund statutes reflect by title and content they are an integral part of the lien laws" of this State. *McGlumphy v. Jetero Const. Co., Inc.*, 593 P.2d at 83.

Furthermore, since a lien did not exist at common law, "it must hence be strictly confined to the ambit of the enactment giving it birth. A lien that is not provided for by the clear language of the statute cannot be created by judicial fiat. The terms prescribed by statute cannot be ignored. They are the measure of the right and of the remedy." *Riffe Petroleum Co. v. Great Nat. Corp., Inc.*, 614 P.2d 576, 579 (Okl.1980).

We generally agree that the construction trust statutes require a liberal construction. However, and more important,

> lien law legislation cannot be extended to cases not within its scope. *Liberal construction is accorded to the enforcement stage after it is clearly established that the right has attached,* but not so in the process of determining the question of whether a lien does exist in contemplation of law. This is the settled rule that governs all statutory liens in derogation of the common law.

(emphasis added, citations omitted) *Republic Bank & Trust v. Bohmar Minerals,* 661 P.2d 521, 523 (Okl.1983).

Thus, we reject Shawver's analytical perspective of this State's construction trust fund statutes, because §§ 152 and 153 do not authorize judicial amendment to enlarge the intent and purpose of the statutes. "It is not this Court's prerogative to distort plain language in order that a more plausible or workable result might be obtained." *Whittier v. Murrell,* 362 P.2d 694, 696 (Okl.1961). Where the time for perfection of a lien prescribed by law has run, neither this Court nor a subcontractor can revive or keep alive the statutory right to a lien.

Contrary to Shawver's contention, the Oklahoma Legislature, when it enacted and subsequently amended §§ 152 and 153, neither intended to grant subcontractors the right to indefinitely keep alive the right to a lien, nor repeal or excuse the filing provisions of §§ 141–145. More specifically, the language of § 153(4) clearly militates against Shawver's construction, because it provides in pertinent part:

> The existence of such trust funds shall not prohibit the filing or enforcement of a ... lien against the affected real prop-

erty by any lien claimant, nor shall the filing of such a lien release the holder of such funds from the obligations created under this section or Section 152....

■ Turning our attention to the question certified, we hold that generally, as used in § 143, a subcontractor has a "lienable claim" upon the commencing of work or furnishing of materials pursuant to the subcontract. *Fleharty & Co. v. National Loan & Investment Co.,* 89 Okl. 292, 215 P. 744 (1923). Thereafter, such lienable claim remains *inchoate* throughout the construction period and for 90 days after the date upon which the subcontractor last furnished materials or performed labor under the subcontract. See generally, 53 Am. Jur.2d Mechanics' Liens § 168 (1970).

■ A subcontractor's lienable claim will lose all its vitality and force, unless some action is taken to enforce the lien or the lien is perfected and thus preserved pursuant to the statute giving it birth. *Horton v. Wachtman Drilling Co.,* 385 P.2d 802 (Okl.1963).

■ The very existence and perpetuation of a subcontractor's lien, including the court's jurisdiction to enforce it, rests solely upon substantial compliance with the lien statute and not upon a general contractor's receipt of construction trust funds nor upon a subcontractor's alleged status as a beneficiary under §§ 152–153. *Bryan v. Orient Lumber & Coal Co.,* 55 Okl. 370, 156 P. 897 (1916) (condition precedent to establishment of subcontractor's lien requires perfection in manner and within time prescribed by law).

■ Unfortunately for Shawver, *Bohn's* holding: "Unless the lienable claim was perfected within 90 days of completion of work or the furnishing of materials, the character of the claim was no longer 'lienable,' " does not stand alone on the filing requirement. See also, *Weyerhaeuser v. Fraim,* 54 Kan. 645, 39 P. 188 (1895); *Neves v. Mills,* 74 Okl. 7, 176 P. 505 (1918); *Anthony v. Dukes,* 130 Okl. 298, 267 P. 462 (1928); *Wass v. Vickery,* 137 Okl. 52, 278 P. 336 (1929); *National Gas Co. v. Ada Iron & Metal Co.,* 185 Okl. 415, 93 P.2d 529 (1939); *Lewis v. Red,* 194 Okl. 432, 152 P.2d 690 (1944); *Fry v. Long Bell Lumber Co.,* 196 Okl. 670, 167 P.2d 654 (1946); *Acme Glass Co. v. Owens,* 204 Okl. 601, 232 P.2d 624 (1951); *Palmer v. Crouch,* 298 P.2d 1041 (Okl.1956); *H.E. Leonhardt Lumber Co. v. Ed Wamble Distributing Co.,* 378 P.2d 771 (Okl.1963). But cf., *Aquilino v. United States,* 10 N.Y.2d 271, 277, 176 N.E.2d 826, 829, 219 N.Y.S.2d 254, 259 (1961) [Legislative amendments "established beyond dispute, first, that subcontractors and other statutory beneficiaries could enforce their interest 'whether or not' they had filed a notice of lien and, second, that the res of the trust included a 'right of action upon an obligation for moneys due or to become due to (the) contractor.' "] See also, Note, Mechanic's and Materialmen's Liens: The Viability of Filing for Perfection to Gain Beneficiary Status Under Oklahoma's Trust Provisions, 10 Okla. City U.L.Rev. 431 (1985).

Shawver took no action over a period of several months in which to protect itself. Having failed to perfect its lien under § 143, Shawver lost the benefits accorded by §§ 152 and 153, and is in the same position as other general creditors of the construction trust funds previously held by the defendant, now debtor.

CERTIFIED QUESTION OF LAW ANSWERED AFFIRMATIVELY.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER, SIMMS, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in part and dissents in part.

HODGES, J., dissents.