**WOLFE, Trustee in Bankruptcy, v. KIL-LINGSWORTH et ux.**

No. 10126—Opinion Filed Feb. 14, 1922.

Rehearing Denied Sept. 26, 1922.

(Syllabus.)

**1. Appeal and Error—Questions of Fact—Findings of Referee.**

Where an action has been referred to a referee to hear the testimony, make his find-ings of fact, conclusions of law, and report these, together with the testimony, back to the court, and such report of the referee is approved by the trial court and judgment rendered thereon, and on appeal to this court the error complained of is that the findings of fact and conclusions of law of the referee and the judgment of the trial court are not sustained by the evidence, such findings of fact and judgment will not be disturbed on appeal, unless this court can say they are clearly against the weight of the evidence.

**2. Bankruptcy—Action by Trustee to Subject Land to Payment of Bankrupt's Debts—Judgment—Evidence.**

The record examined, and held, that the findings of fact of the referee and judgment of the trial court are not against the weight of the evidence.

**3. Same—Admission of Evidence.**

The record examined, and held, that no reversible error was committed by the admission of the testimony compained of.

Error from District Court, Seminole County; J. W. Bolen, Judge.

Action by C. Dale Wolfe, trustee in bankruptcy of estate of G. F. Killingsworth, bankrupt, against G. F. Killingsworth and Mary Etta Killingsworth, to subject certain real estate to the payment of the debts of said bankrupt. Judgment in favor of the defendants. Plaintiff appeals. Affirmed.

Fowler & Wilson, for plaintiff in error.

E. L. Harris and Orwig & Cobb, for defendants in error.

MILLER, J. This action was commenced in the district court of Seminole county by C. Dale Wolfe, as trustee in bankruptcy of the estate of G. F. Killingsworth, a bankrupt, against said G. F. Killingsworth and his wife, Mary Etta Killingsworth, to subject 120 acres of land to the payment of said bankrupt's debts. The legal title to the land was in the name of defendant Mary Etta Killingsworth.

The record discloses that for several years G. F. Killingsworth was engaged in running a general hardware store in the town of Seminole, in Seminole county, Okla., and during the year 1912 was insolvent. In January, 1913, he made a general assignment for the benefit of creditors, and some of his creditors filed a petition in bankruptcy against him in the federal district court in the Eastern district of Oklahoma.

On March 14, 1914, he was duly adjudged a bankrupt by said court. C. Dale Wolfe was appointed trustee of said bankrupt estate and was directed by said federal court

to institute this proceeding to subject the land in controversy in this action to the payment of the debts of the said bankrupt. Judgment was rendered in favor of the defendants and against the plaintiff, and he appeals, appearing here as plaintiff in error,

For convenience the parties will be referred to as they appeared in the lower court.

Defendants claimed the land in controversy was their homestead and was purchased with money belonging to Mary Etta Killingsworth. Hon. C. Guy Cutlip was by the court appointed as referee—

"to take the testimony, hear the evidence and report his findings of fact, together with his recommendations of law thereon and the evidence taken, to this court on or before October 1, 1917."

The time was afterwards duly extended by order of the court.

The referee heard the testimony, made findings of fact, and stated his recommendations of law, which he embodied in his report and filed in court on June 1, 1918.

Plaintiff filed his exceptions and objections to the report of the referee, which were overruled by the court on June 6, 1918, and judgment rendered in favor of the defendants. On the same date, plaintiff's motion for a new trial was overruled; exceptions saved; notice of appeal given, and this appeal perfected.

The referee's report is as follows:

"And now comes C. Guy Cutlip, the duly qualified and acting referee in the above entitled action, and makes this, his report of findings of fact and conclusions of law.

"1st. I find that C. Dale Wolfe was the duly appointed, qualified, and acting trustee in bankruptcy of G. F. Killingsworth, bankrupt.

"2nd. I find that on March 14, 1913, said G. F.Killingsworth was adjudged a bankrupt under the proper acts of Congress.

"3rd. I find that the plaintiff, trustee, has authority and is acting under legal direction in prosecuting this suit.

"4th. I find that the title to the north half and the southeast quarter of the northwest quarter of section 23, township 9 north, range 6 east, Seminole county, Okla., is in Mary Etta Killingsworth.

"5th. I find that said land was purchased of the heirs of Wilthy Rentie, the first deed of which was procured from John Rentie, on or about August 14, 1912.

"6th. I find that at the time of the procurement of the said deeds, aforesaid, that G. F. Killingsworth was insolvent and that the indebtedness for which he was afterwards adjudged a bankrupt was incurred prior to the execution of said deeds.

"7th. I find that the money and purchase price expended to the heirs of Wilthy Rentie by the Killingsworths was the property of Mary Etta Killingsworth, and that said real estate above described belongs to, and is the property of Mary Etta Killingsworth.

"Conclusion of Law.

"I conclude as a matter of law that said real estate belongs to and is the property of Mary Etta Killingsworth, and that th prayer of the plaintiff should be denied in both counts of his said petition.

"I conclude that said property should be decreed and adjudged the property of Mary Etta Killingsworth, as aforesaid, and that plaintiff, C. Dale Wolfe, trustee in bankruptcy, take nothing by reason of his petition herein.

"Dated this June 1, 1918.

"Evidence attached.

"C. Guy Cutlip, Referee."

The plaintiff in his petition in error makes five specific assignments of error, but presents them under two propositions:

First, that the referee's findings of fact and conclusions of law are clearly against the weight of the evidence, and that the judgment of the court is against the weight of the evidence.

The plaintiff in error seeks to establish his case by showing that the heirs of Wilthy Rentie, from whom various deeds were obtained, thought they were selling their interest in the land to G. F. Killingsworth. It is immaterial what they thought about it. The deeds were made to Mary Etta Killingsworth, and the fact that her husband negotiated the deal does not militate against her title. The plaintiff seeks to discredit the testimony of defendant Mary Etta Killingsworth, and claims she is unworthy of belief. The record in this case does not in any way impeach her. Her testimony was given full faith and credit by the referee, and she stands before this court unimpeached. Plaintiff's attempt to cast reflection upon defendant's testimony is by inferences and innuendoes. She testified that she obtained $1,000 from her grandfather, Dr. B. R. Spurr, and she gave this money to her husband with which to purchase this land. G. F. Killingsworth testified he used her money with which to purchase the land.

The fact that some of the heirs of Wilthy Rentie received some goods out of the store in lieu of the cash does not prove that G. F. Killingsworth did not put into the cash drawer from the money received from his wife the value of the goods so delivered in part payment for the deeds. The plaintiff has offered in evidence a statement from the bank records showing the condition of the bank account of Dr. B. R. Spurr from January 1, 1912, to September 30, 1912. It was during the summer of 1912 that Mary Etta Killingsworth testified she obtained the $1,000 from her grandfather. The bank statement does not show that he had a balance to the amount of $500 at any time during the period covered by the statement. But she testified he gave her the cash, and not a check. This does not prove that he did not have a safety deposit box in which he kept money, or that he did not have a bank account in some other bank or banks. Dr. Spurr resided in Lincoln county, and they have introduced certified copies of the tax assessment list returned by him to the assessor of Lincoln county for the years 1911, 1912, and 1913. Dr. Spurr did not return to exceed $300 or $400 valuation of personal property for any one of these years, and in 1913 his return of personal property was only $50. Plaintiff contends these prove conclusively that he did not have $1,000 in cash that he could have given his grand-daughter, Mary Etta Killingsworth, at the time she claims he did give the money to her. While we do not agree with counsel for defendants in error that "beating taxes is one of the principal indoor sports of this great land of ours," yet this has but very little probative force as against the testimony of defendant Mary Etta Killingsworth. If Dr. Spurr had testified he gave Mary Etta Killingsworth $1,000 in the summer of 1912, these tax assessment sheets would be admissible as touching upon his credibility, and if unexplained, would probably very materially affect his credibility. But Dr. Spurr did not testify in this case. The record shows that he died before this case was tried. However, he might have been able to show conclusively that his tax assessment returns were absolutely correct and yet he had given her the $1,000 claimed. He may have collected some money on a real estate mortgage during the spring of 1912. The mortgage would not be listed on his tax assessment sheet. He may have sold a piece of real estate or leased a tract of land for oil and gas and received a cash bonus. There are numerous sources that might be mentioned from which this money could

have been obtained by Dr. Spurr and it would not show up on his list of personal property returned for taxation.

We cannot say that the findings of fact and conclusions of law of the referee and the judgment of the trial court are clearly against the weight of the evidence. The referee having passed upon the credibility of the witnesses, his findings of fact having received the approval of the trial court, and being unable to say that it is clearly against the weight of the evidence, the judgment will not be disturbed on appeal.

In plaintiff's second contention he complains of the admission of evidence over his objection. We have examined the evidence complained of as set out in the plaintiff's brief, and we do not think any prejudicial error was committed by the admission of the evidence complained of.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

PITCHFORD, V. C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.