## BYNUM v. COOLEY et al.

No. 18108. Opinion Filed May 8, 1928.

(Syllabus.)

**Appeal and Error—Review—Burden on Appellant to Show Judgment Against Clear Weight of Evidence.**

Upon appeal in an action in equity, the burden is upon the appellant to establish that the findings and judgment of the trial court are against the clear weight of the evidence. Unless it so appears, the judgment on appeal will be affirmed.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by Effie Bynum against D. L. Cooley and Ada Reynolds. Judgment for defendant Reynolds, and plaintiff brings error. Affirmed.

I. L. Cook, H. H. Cook, J. B. Allen, and Reuben M. Roddie, for plaintiff in error.

Loyal J. Miller, for defendants in error.

RILEY, J. This appeal is brought by plaintiff below. She seeks reformation of a deed, to have same considered a mortgage and that the mortgage be foreclosed.

We adopt the findings of fact and conclusions of law made and entered by the trial court as follows:

"1. That on the 12th day of October 1923, the defendant Ada Reynolds was and had been 1or many years the owner and in the actual open and notorious possession, claiming to be the owner of:

"The north half of the southeast quarter, and the east half of the northeast quarter, of section 3, township 2 north, range 13, east, containing 160 acres of land, located in Atoka county, Okla. That said land was a portion of the allotment that was patented to the said Ada Reynolds as a member of the Choctaw and Chickasaw Tribes of Indians.

"2. That on the 12th day of October, 1923, the defendant D. L. Cooley approached the said defendant Ada Reynolds and represented to her that it was necessary for him to hold 160 acres of land in the state of Oklahoma for the purpose of becoming a bondsman in a transaction pending in old Mexico, and explained to said Ada Reynolds there was no possibility of liability on the bond and that he wanted her to execute to him a deed upon the above-described land for the purpose of enabling him to qualify as a bondsman and for no other purpose, and he further stated to her that he would clear up the bond matter and would redeed the property to her, and the said Ada Reynolds believed the statements of the said defendant Cooley were true, and acting upon that belief and the statements of the said Cooley, executed to the said Cooley a deed purporting to convey to him said land, and said deed was recorded in the office of the county clerk of Atoka county, Okla., on the 28th day of November, 1923, in book 72 of deeds, page 338.

"(Excepted to by plaintiff's counsel and exception allowed. J. H. Linebaugh, District Judge.)

"3. There was no consideration passed from the said Cooley to the said defendant Ada Reynolds, and no consideration was intended to pass.

"(Excepted to by counsel for plaintiff and exception allowed. J. H. Linebaugh, District Judge.)

"4. The plaintiff, Effie Bynum, was not interested in the alleged bond transaction in which the defendant Cooley sought to become a bondsman, and knew nothing of such a transaction and was not affected in any manner by such a transaction, if the same really existed.

"5. On the 2nd day of April, 1924, the defendant D. L. Cooley deeded the said above-described real estate back to the defendant Ada Reynolds, which deed was recorded in the office of the county clerk of Atoka county, Okla., on the 18th day of April, 1924, in book 72 of deeds, at page 497.

"6. The defendant Ada Reynolds, at the time she executed said deed to said defendant Cooley, remained in the actual open and notorious possession of said above-described land, and defendant Cooley never took possession of any part of said land and did not exercise any control or ownership of said land, but the tenant of the defendant Ada Reynolds that occupied the land at the time she executed the deed to the defendant Cooley remained in possession of the land and accounted to her for the rents and profits.

"7. The land above described was under fence with improvements thereon, and a great portion thereof in a state of cultivation.

"8. The plaintiff, Effie Bynum, had no knowledge or information in regard to the transaction between the defendants, D. L. Cooley and Ada Reynolds, and the defendant D. L. Cooley made no claim to the plaintiff that he had acquired any title to said land and did not exhibit the deed executed by the defendant Ada Reynolds to him to the plaintiff.

"(Plaintiff excepts to last half of paragraph 8, and exception allowed. J. H. Linebaugh, District Judge.)

"9. The defendant Ada Raynolds knew nothing of any conversations or contracts between the plaintiff and defendant D. L. Cooley and knew nothing of any conversations they had with each other.

"(Excepted to by plaintiff and exceptions allowed. J. H. Linebaugh, District Judge.)

"10. The plaintiff first met the defendant D. L. Cooley at Sulphur, Okla., near the latter part of August, 1923, and also met the defendant Ada Reynolds at Sulphur about the same time.

"11. The latter part of November or the first of December, 1923, following the meeting between the plaintiff and defendant Cooley at Sulphur, the plaintiff loaned the defendant $300, and Cooley gave her a mortgage he held on some stock in an electric corporation as security.

"12. On the 24th day of December, 1923, the defendant, in the name of Del Larnce Cooley, and the plaintiff, Effie Bynum, entered into a written contract designated as an agreement, whereby the defendant Cooley agreed that out of his property a trust and bonding company should pay to the plaintiff in monthly installments not less than $2,500 a month. The contract is peculiarly worded and the words peculiarly spelled, and among other things said contract provides:

"'This contract was written and signed by Del Larnce Cooley of lawful age and by his own request and act.

"'Whereas the above-named party states by his own good will that he is in possession by deed and by contract of vast acreage of land in the state of New Mexico and also property near Goodland, Kan., with other

properties, as records may show, as interest appears in Oklahoma in the way of town properties, oil properties and royalties and refining interest. And also is in possession of one hundred thousand dollars worth of life insurance executed by the Missouri State Life, whereas, all premiums are paid in advance till ninteen hundred and thirty and three policies in the New York Life, of two thousand each.'

"The court uses the exact language and spelling of said contract, and finds from this contract and the testimony in connection therewith that it is what induced the plaintiff to deliver to the defendant Cooley money or bonds, if in fact she did deliver to him any.

"(Excepted to by plaintiff and exception allowed. J. H. Linebaugh, District Judge.)

"13. The court finds that the only representations made by defendant Cooley to the plaintiff in regard to his ownership of property in Oklahoma was as contained in the above quotation, but did not include farming lands, but only 'town properties, oil properties and royalties and refining interest.'

"(Excepted to by plaintiff and exception allowed. J. H. Linebaugh, District Judge.)

'14. The court finds that as to the claim that the plaintiff let Cooley have a $1,000 Liberty Bond and a $500 Liberty Bond and $200 additional money, the evidence is not sufficient to establish that allegation.

"(Excepted to by plaintiff and exception allowed. J. H. Linebaugh, District Judge.)

"15. The court finds that, having observed the plaintiff as a witness on the witness stand and her demeanor while testifying and her testimony as a whole, such evidence is not sufficient to establish any controverted fact except such as is corroborated by other testimony.

"(Excepted to by plaintiff and exception allowed. J. H. Linebaugh, District Judge.)

"16. The court finds that the deed executed by the defendant Cooley to the defendant Ada Reynolds, by which he reconveyed to her the land in controversy, was entered on the numerical index prior to the deed that was executed by the defendant Cooley to the plaintiff, and that when the defendant Ada Reynodls filed her deed for record there was nothing on the numerical index of Atoka county, Okla., in regard to the deed from the defendant Cooley to the plaintiff.

"(Excepted to by plaintiff and exception allowed. J. H. Linebaugh, District Judge.)

"17. The court finds that the failure of the defendant Cooley, in executing the deed to the plaintiff, to refer to the section was not caused by mistake or fraud.

"(Excepted to by plaintiff and exception allowed. J. H. Linebaugh, District Judge.)

"18. The court finds that the plaintiff's allegations that she loaned the defendant Cooley certain sums and certain bonds is not sustained by the testimony.

"(Excepted to by plaintiff and exceptions allowed. J. H. Linebaugh, District Judge.)

"19. The court finds that the plaintiff's evidence is not sufficient to establish any allegations of fraud charged against the defendant Ada Reynolds.

"(Excepted to by plaintiff and exceptions allowed. J. H. Linebaugh, District Judge.)

"20. The court finds that the defendant Cooley did not reside in this county at the commencement of this action and service was not had on him in this county, and that, this being a foreclosure suit and seeking to reform an instrument and such effort failing, this court has no jurisdiction of the person of Cooley to warrant rendering a money judgment against him and has no jurisdiction to determine whether or not the defendant Cooley is indebted to the plaintiff."

"(Excepted to by plaintiff and exceptions allowed. J. H. Linebaugh, District Judge.)"

"Conclusions of Law.

"All conclusions of law excepted to by plaintiff and exception allowed. J. H. Linebaugh, District Judge.)

"The court concludes the defendant Ada Reynolds is now, and was at the commencement of this action, the legal and equitable owner in fee simple of the N. ½ of S. E. ¼ and E. ½ of N. E. ¼ of section 3, township 2 north, range 13 east, in Atoka county, state of Oklahoma.

"Second. That the plaintiff has no legal or equitable right, title, or interest in or to any part of said land and had no lien thereon.

"Third. That the deed executed by defendant Cooley to the plaintiff Effie Bynum is void as against the defendant Ada Reynolds, and should be cancelled and the cloud thereof removed.

"Fourth. That the issues between the plaintiff and the defendant Cooley, as to whether or not he is indebted to her, cannot be adjudicated in this action."

We have examined, considered, and weighed the evidence. Our conclusion is that the material and decisive findings of fact and conclusions of law are supported by the weight of the evidence. The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 900, §2869.