## BURT et al. v. RILEY.

No. 18941.    Opinion Filed May 21, 1929.

Hamilton, Gross & Howard, for plaintiff in error H. S. Burt.

Sands & Campbell, for plaintiff in error G. B. Mellott.

Humphrey & Spence, for defendant in error.

TEEHEE, C. H. G. Burt and George B. Mellott, plaintiffs in error, were sued by C. E. Riley, defendant in error, in an accounting of partnership property.

The partnership was created under an agreement entered into on February 9, 1920,

for the purpose of conducting a loan business in the name of H. G. Burt. By the terms of the agreement they were equal partners, with the net profits from a United States Commissionership and a surety agency held by Mellott also to be considered as profits of the business. It was operative from and after the March, 1920, Osage annuity payment. H. G. Burt was designated as manager at a salary of $350 per month, with gasoline and upkeep of a service car as other perquisites in the administration of the partnership affairs.

Under the pleadings of the parties, the principal issue framed was the date of termination of the partnership, plaintiff contending that the same terminated on January 10, 1922, with the defendant Mellott contending that the same terminated on August 23, 1923, and with defendant Burt asserting continuance of the partnership to the time of the filing of the action on September 30, 1924, by reason whereof there was due him salary and expenses for approximately three years under the terms of the agreement, and with both defendants asserting that plaintiff had failed to properly report certain profitable transactions handled by him independently and by him claimed to be a private transaction with no connection with the partnership relation.

The cause was heard before a referee, who found that the business of the partnership was principally an Indian loan business operative from and after the March, 1920, Osage payment; that the partners were not restricted in the handling of loans made out of private funds, and that as the transactions complained of by defendants were so made by plaintiff, they constituted no part of the partnership business; that the principal part of the business was had prior to the Act of Congress approved March 3, 1921, relative to annuities to the Osage Tribe of Indians, which act materially interfered with the partnership business, whereupon it was the intention of the partners to collect outstanding loans, make as few loans as possible, and close the partnership affairs; that the partners were the principal stockholders in a bank in Pawhuska, of which the defendant Mellott was president; that about January 11, 1922, defendant Burt succeeded Mellott as president of such bank, following which date defendant Mellott, on January 12, 1922, rendered an account of his commissionership and surety agency to January 1, 1922, whereupon it was the intention of the partners that Burt would draw no salary from the partnership from and after January 1, 1922; that the partner-

ship terminated in January, 1922, with the exception that it was necessary that the assets be collected and indebtedness be paid: that the net cash profits of the partnership were $5,789.34, with each partner's share thereof being $1,929.78; that plaintiff, Riley, had received no part of his share; that defendant Mellott had been paid by defendant Burt $932.10 in excess of his share, in which amount he, Mellott, should account to plaintiff, and that, as defendant Burt was the managing partner and in charge of the business, he should be held responsible to plaintiff for his share in said amount of $1,929.78.

Appropriate conclusions of law were made covering the findings, whereunder the referee recommended judgment for plaintiff against defendant Burt for said sum of $1,929.78, and against defendant Mellott for $932.10, with recovery limited, nevertheless, to $1,920.78, with interest at 6 per cent. per annum from September 30, 1924, the date of filing of the action.

To the report of the referee, exceptions were filed by both defendants, which, upon hearing by the court, were overruled, the report approved, and judgment thereon rendered in accordance with the recommendation made. From the judgment, both defendants appeal.

Defendant Burt's grounds of complaint are presented under six propositions, all of which go to the general question of whether or not the judgment is against the clear weight of the evidence. The particular points urged are that defendant Burt was entitled to an award of salary and expenses conformably to the terms of the partnership agreement to the time of the filing of the action on September 30, 1924, which is tantamount to the proposition that the partnership terminated at that time; and errors of the referee in his findings upon the account of the partnership property with particular relation to the transactions claimed by plaintiff as individual dealings, with respect to which points it is urged that the findings are either without supporting evidence or are against the clear weight of the evidence. Defendant Mellott complains under the general proposition that there is no evidence to support the judgment rendered against him. Thereunder he urges as points arising under the general ground that as to him the partnership did not terminate until about July or August, 1923; that there was no such accounting of the partnership business as to warrant the findings and judgment against him, and that the referee erred in his findings in relation to the dealings

claimed by plaintiff to have been plaintiff's individual transactions as was also contended by defendant Burt, as above indicated.

In support of their respective contentions, defendants rely upon legal principles which are controlling, if the points urged are sustained by the record. It is, of course, well settled that the findings of the referee have the effect of a special verdict, and that upon approval by the court they become the findings of the court. Riverside Oil & Refining Co. v. Lynch, 114 Okla. 198, 243 Pac. 967; Wolf v. Killingsworth, 87 Okla. 170, 209 Pac. 410. In Bynum v. Cooley, 130 Okla. 281, 267 Pac. 263, it is said:

"Upon appeal in an action in equity, the burden is upon the appellant to establish that the findings and judgment of the trial court are against the clear weight of the evidence. Unless it so appears, the judgment on appeal will be affirmed."

From our examination of the evidence pertinent to the points urged by both parties defendant, a detailed statement of which would but extend our treatment of the case to an unnecessary length and serve no useful purpose, we are of the opinion that the findings challenged are amply sustained, and that the same are not against the c'ear weight of the evidence, for which reasons the rule of Bynum v. Cooley, supra, is decisive of the cause against the contentions thus separately urged by the parties defendant.

The judgment of the district court is therefore affirmed.

The plaintiff, C. E. Riley, has asked that this court render judgment against the defendant H. G. Burt, as principal, and the Citizens Trust Company, a corporation of Pawhuska, Okla., as his surety, on the supersedeas bond filed by said defendant Burt in this cause. The bond appears in the casemade, is signed by the defendant H. G. Burt, as principal, and the Citizens Trust Company, a corporation, of Pawhuska, Okla., as surety, and is conditioned to pay the judgment rendered against the principal, H. G. Burt, this being in the sum of $1,929.78, and with interest at 6 per cent. per annum from September 30, 1924, and until paid, if the same be affirmed, and the costs of the action. Under section 797, C. O. S. 1921, p'aintiff is so entitled to the judgment requested. Niagara Fire Ins. Co. v. Waters, 130 Okla. 128, 265 Pac. 759.

It is therefore by this court adjudged, ordered, and decreed that the plaintiff. C. E. Riley, have and recover from the defendant H. G. Burt, principal, and Citizens Trust Company, a corporation, of Pawhuska, Okla.,

surety, on the said supersedeas bond, the sum of $1,929.78, with interest at the rate of 6 per cent. per annum from September 30, 1924, and until paid, and the costs of this action, and for which let execution issue.

BENNETT, REID, LEACH, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Appeal and Error," 4 C. J. §2727, p. 777, n. 60; §2869, p. 900, n. 96.